THE NEW YORK STATE MONITOR MILK PAN ASSOCIATION (Limited), Respondent, v. THE REMINGTON AGRICULTURAL WORKS, Appellant.

The provision of the Code of Civil Procedure in regard to amendments (§ 723) does not authorize the striking out of the name of a sole defendant in an action, and the insertion in lieu thereof of the names of other persons as defendants.

*N. Y. S. M. M. P. Co.* v. *R. A. Works* (25 Hun, 475), reversed.

(Argued April 11, 1882 ; decided April 18, 1882.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made November 23, 1881, which reversed an order of Special Term denying a motion on the part of plaintiff for leave to amend the summons and complaint herein, by striking out the name of the defendant and inserting in its stead the names of three individuals as defendants, and by inserting the necessary averments required by reason of such change. The order of General Term granted the motion. (Reported below, 25 Hun, 475.)

*Thomas Richardson* for appellant. No jurisdiction was obtained over Philo Remington, by the service of the summons herein upon him. (*Shaw* v. *Clock*, 78 N. Y. 194.) Section 452 of the Code of Civil Procedure provides simply for cases where one or more of the original parties had such an interest as would enable him to sustain the action, but where the controversy would not be completely settled without the presence of other parties. (*Davis* v. *The Mayor, etc.*, 14 N. Y. 527 ; *Warring* v. *Warring*, 3 Abb. 248 ; *McMahon* v. *Allen*, 12 How. 39–45 ; 1 Wait's Pr. 162 ; *Shaw* v. *Clock*, 19 Hun, 173 ; 78 N. Y. 194 ; *McGarry* v. *Bd. of Supervisors*, 7 Robt. 464 ; *Bassett* v. *Fish*, 75 N. Y. 303, 315.)

*F. Jacobs, Jr.*, for respondent. The court obtained jurisdiction of the person of Philo Remington by personal service of the summons and complaint upon him. (Code, § 723 ; *McGarry*

v. *Bd. of Supvrs.*, 1 Sweeney, 223 ; Wait's Code, § 173 ; *Traver* v. *Eighth Ave. R. R. Co.*, 3 Keyes, 497 ; *McElwain* v. *Corning*, 12 Abb. 116 ; *Newton* v. *Milleville Manuf. Co.*, 17 id. 318, *n.* ; *Fuller* v. *Webster F. Ins. Co.*, 12 How. 293.) The prosecution of a suit by an individual banker in a name importing a corporate character, under which he carried on business, is a merely formal error, amendable in the courts of original jurisdiction. (*Bk. of Havana* v. *McGee*, 20 N. Y. 355 ; *Cazett* v. *Hubbell*, 36 id. 681 ; *Walsh* v. *Washington Ins. Co.*, 33 id. 439 ; *Risley* v. *Wightman*, 13 Hun, 164 ; *Bassett* v. *Fish*, 75 N. Y. 303 ; *Tighe* v. *Pope*, 16 Hun, 181 ; *N. Y. Ice Co.* v. *North-western Ins. Co.*, 23 N. Y. 357 ; 20 id. 81 ; 30 id. 383 ; 31 id. 564 ; *Ford* v. *Belmont*, 7 Rob. 506, 508 ; *Harrington* v. *Slater*, 22 Barb. 161 ; 26 id. 356 ; 44 id. 528 ; 21 How. 296 ; 27 id. 179 ; *Englis* v. *Furmis*, 3 Abb. 82.) The only way in which the defendant could avail himself of the misnomer or misdescription herein was by answer. This he has failed to do. The objections now made to correct the mistake in defendant's name are dilatory and should not prevail. (*Miller* v. *Stettiner*, 22 How. 521 ; 28 id. 400 ; *Waterbury* v. *Mather*, 16 Wend. 613 ; 3 Keyes, 497.) Where a party uses all due diligence to discover the true name of a party and fails, he may designate the defendant by any name. (Code, § 451 ; *Crandall* v. *Beech et al.*, 7 How. 271 ; *Pindar* v. *Block*, 4 id. 95.) Where a defendant is known as well by one name as by another, he may be sued by either. (*Eagleston* v. *Son*, 5 Robt. 640.) Plaintiff may sue by any name, and upon learning the true name of defendant, the pleading or proceeding may be amended accordingly. (*Miller* v. *Stettiner*, 7 Bosw. 692 ; *Griswold* v. *Sedgwick*, 6 Cow. 456 ; *Wood* v. *Wood*, 26 Barb. 359.)

*Per Curiam.* The order to amend in this case authorizes the striking out of the name of the defendant and the insertion of the names of three persons as defendants in lieu thereof. Its effect is to continue the action against other and different parties than the one named, thus substituting a cause of action

with new and other defendants. Such an amendment is not we think, authorized by any provision of the Code or any of the adjudged cases. Section 723 of the Code of Civil Procedure does not cover any such case. While full authority is conferred for adding or striking out the name of a person or a party, or correcting a mistake in such name, it does not sanction an·entire change of name of the defendant by the substitution of another or entirely different defendants. The authorities relating to the question are fully considered in the opinions of the General Term, and it is not necessary to examine them upon this appeal. Although some cases are cited which are supposed to ˙sanction such ˙a rule, they are not well founded and have not received the approval of this court. The cases of *Bassett* v. *Fish* (75 N. Y. 304) and *Shaw* v. *Cock* (78 id. 194), without citing other cases, are directly in point and settle the question adversely to the �‚claim of the respondent's counsel. Upon the authority of these decisions the General Term erred, and the order reversing the order of the Special Term should be reversed, and that of the Special Term affirmed, with costs.

All concur.

Ordered accordingly.