· MERCY T. ROSS LEWIN, RESPONDENT, v. WILLIAM W.
WRIGHT, APPELLANT.

*Amendments — a new party may be made a defendant after a demurrer alleging
a defect of parties defendant has been interposed — Code of Civil Procedure, sec. 723.*

In this action brought against the defendant Wright upon an undertaking upon
whch he was liable, jointly with one Doyle, the objection that Doyle was not
made a party was raised by a demurrer. Thereupon the plaintiff moved for
and obtained an order allowing him to amend the summons and complaint by
making Doyle a party to the action.

*Held*, that the order was properly granted.

That the fact that the action was brought and the order made in a County Court, and
that it did not appear from the papers that Doyle was a resident of that
county, did not render it improper for the court to grant the order.

APPEAL from an order of the Onondaga County Court granting
permission to the plaintiff to amend the summons and complaint by
adding the name of another person as defendant.

*Hancock & Munro*, for the appellant.

*Hunt, Leavenworth & Stern*, for the respondent.

BARKER, J. :

The action is founded upon the joint undertaking of the present
defendant William W. Wright, and of Edward B. Doyle, who by
the order is made the additional defendant. The instrument is set
out in full in the body of the complaint.

The defendant interposed a demurrer, upon the ground that there
was a defect of parties defendant, and that Edward B. Doyle should
have been made a party. Thereupon the plaintiff made a motion
for leave to make Doyle a party defendant, and that the summons
and complaint be amended accordingly. The relief asked for was
granted on payment of ten dollars costs of motion. The cause of
action set forth in the complaint existed against Doyle as well as
against the defendant Wright, and without the consent of the latter
there could be no recovery against him as sole defendant. The motion
was founded upon section 723 of the Code of Civil Procedure, which
provides, viz. : " The court may, upon the trial, or at any other

stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading or other proceeding by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party." The power to allow the amendment is complete, and in this stage of the proceeding it was manifestly in furtherance of justice. Without bringing in Doyle as a party defendant, the plaintiff must have been defeated in the action, and why should he be when, by a rigid rule of law, he cannot recover in an action founded upon the contract, unless both of the joint promisors are made parties. When a motion is made to the court, the only restraint upon the power of the court to allow an amendment of this nature is, that sound discretion be used in view of the facts and circumstances of the particular case. I am unable to find any reported case holding that the court is without authority, in a case like this, to bring in a new party.

In *New York State Milk Pan Association* v. *Remington Agricultural Works* (89 N. Y., 22), the Court of Appeals say : " Full authority is conferred (on the court, under section 723) for adding or striking out the name of a person or a party, or correcting a mistake in such name." We are cited to *Newman* v. *Marvin* (12 Hun, 236) as an authority that the court, under the provisions of the old Code, was without power to authorize an amendment of the summons by adding the name of a new party. A careful reading of that case will indicate that the precise question now before us was not then under consideration. Some suggestions were made, in the opinion of the court, that where a party could not recover in an action without bringing in new parties, it would be equivalent to the commencement of a new action ; but the court reserved a decision on the question and made the suggestion that cases might arise where the court, in its discretion, would allow an additional defendant to be brought in on such terms as might be just. The doubts of the court, as expressed in that case, are removed by the more explicit terms of the present Code and the decision of the court in 89 N. Y. (*supra*).

The appellant also makes the point that as it does not appear in any of the papers used on the motion that Doyle, the new party, resided in the county of Onondaga, the court could not acquire

jurisdiction over his person, and for that reason the motion should have been denied.

The question of jurisdiction thus presented is personal to Doyle himself, and if he is not a resident of that county he may elect not to raise the question, if the plaintiff succeeds in procuring a service of the summons. If that question can at any time or in any form be made by the defendant Wright, he is not deprived of the privilege so to do at any time hereafter. The order should be affirmed. As the County Court was very liberal toward the plaintiff as to the terms upon which the amendment might be allowed, and we have the power to modify the order in that respect, instead of doing so and increasing the costs to be paid as a condition of the amendment, we shall not allow the respondent costs on affirmance of the order.

SMITH, P. J., and HARDIN, J., concurred.

Order affirmed, without costs.