CAYUGA COUNTY.—HON. J. D. TELLER, SURROGATE.—
September, 1887.

MATTER OF SOULE.*

*In the matter of the application for revocation of probate of the will of* LYMAN SOULE, *deceased.*

The test of the propriety of allowing an amendment of process, asked for, under Code Civ. Pro., is—to inquire whether the character of the action or special proceeding will be thereby changed; if not, and the proper parties in interest have had due notice, any amendment may be made in the names or description of parties which will conform to the intention manifested in the pleadings.

In a special proceeding instituted under Code Civ. Pro., § 2647, to procure a decree revoking the probate of decedent's will, a sufficient petition having been duly filed, a citation was issued and served, regular in other respects, but directed to the executors in their individual names, without designation of their representative character. After the expiration of the sixty days specified in Code Civ. Pro., § 2517, the individuals holding letters appeared by counsel, for the sole purpose of moving to dismiss the petition, upon the ground of the failure, as against the executors, to commence the special proceeding within the time limited by statute (Code Civ. Pro., § 2648).—

*Held*, that the court had power, under Code Civ Pro., §§ 721—730, 2538, to amend the citation by the insertion of a description of the executors as such; and that, the exercise of this power being in furtherance of justice, the motion must be denied.

Fountain v. Carter, 2 *Dem.*, 313—distinguished.

A PETITION was filed, March 25th, 1887, asking a revocation of the probate of the will of decedent, admitted to probate in this court June 28th, 1886. The grounds upon which revocation was demanded were fully specified in the petition. The names of the executors of the will, who had all duly qualified, and of

*See p. 448, *post.*

the legatees named in the will, were all set forth. The petitioner alleged that she was an heir-at-law and next of kin, as well as legatee, and as such interested in the estate of decedent, and she prayed for a decree revoking probate, and for such other relief as might be just, and "that the said executors and all the devisees and legatees named in said will and codicils, and other persons who are parties to the proceedings in which said probate was granted be cited to show cause why said probate should not be revoked," etc. Upon this petition, on the same day it was filed, a citation was issued by the Surrogate, directed to all the parties named in the petition, the names of the executors being first given, and each one being repeated among the other names, but they were not, anywhere in the citation, designated as executors.   Upon the return day named in the citation, June 7th, 1887, the petitioner and certain of the parties cited appeared; special guardians were appointed for the infant parties; and the proceeding was duly adjourned until July 6th, 1887, when the parties who were executors appeared by counsel, for the sole purpose of moving to dismiss the petition.   There had been no appearance by the executors as such, and no general appearance by the individuals who were the executors.

H. V. HOWLAND, *for the motion.*

M. M. WATERS, *and* WOODIN & WARREN, *for petitioner, opposed.*

W. E. HUGHITT, *and* M. A. KNAPP, *for legatees.*

THE SURROGATE.—The question, presented by the motion to dismiss this proceeding, is whether this court

has any jurisdiction of the necessary persons or subject-matter. It is contended by the moving party that, the executors not being named as such in the citation, there has been an utter failure to comply with the statute, by which the authority of this court is conferred. There is no contention that the petition does not set forth the necessary facts, or that the prayer itself does not conform to the requirements of the statute; and had the citation followed the demands of the petition, the motion would have had no foundation. The petition was filed within the time prescribed by law. By § 2517 of the Code of Civil Procedure, it is enacted that: "The presentation of a petition is deemed the commencement of a special proceeding, within the meaning of any provision of this act, which limits the time for the commencement thereof. But in order to entitle the petitioner to the benefit of this section, a citation issued upon the presentation of the petition must, within sixty days thereafter, be served, as prescribed in § 2520."

The time for the service of a citation having elapsed, this proceding must stand, if at all, upon the service already made. No new or supplementary citation can be of any avail; and it becomes necessary to determine whether service upon the executors of a citation, directed to them as individuals without their official title, confers jurisdiction upon this court to proceed as against them and to grant an amendment to the citation to conform it to the petition. If the court has this power, I think it ought to be exercised, as the objection raised is purely technical, and does not reach the merits of the proceeding.

The citation was served within the time required to give the petitioner the benefit of § 2517, and upon the proper persons. The rules relating to amendments in other courts of record (Code, §§ 721–730) are made applicable to proceedings in Surrogates' courts (§ 2538). Section 723 of the Code provides: "The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice and on such terms as it deems just, amend any *process*, pleading or other proceeding by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect."

No amendment can be allowed which changes the character of the proceeding. The petition, which bears the nature of a pleading in an action, and the object of which is to apprise the court and parties of the character of the proceeding, the relief sought and the grounds therefor, has set forth the executors in their official capacity, and is in no respect different from what would be required to authorize a citation addressed to the executors as such. Any party, referring to the petition, would be informed as to the facts upon which revocation of probate is sought, and as to who the parties thereto were intended to be. The names of all the executors appear twice in the citation. The proper parties were served. They are presumed to know of the filing of a petition. They had access to it, and must be deemed to have seen and known its contents. It is made the duty of courts to disregard any error or defect in proceedings which shall not affect the substantial rights of parties.

The omission complained of would seem to have been a clerical error on the part of the person writing out the citation.   In these circumstances is it not within the power of this court to amend the citation to make it correspond with the petition ?

In Bank of Havana v. Magee (20 *N. Y.*, 355) one Charles Cook, who had been carrying on a banking business under the name of "The Bank of Havana," brought an action in that name, which ought to have been in his individual name.   The Court of Appeals held the proceedings were all amendable under § 173 of the Code, which was similar to § 723 of the Code of Civil Procedure.   The court say, it is apparent from the pleadings that the parties understood each other perfectly and that it was the duty of the court below, when the objection was taken, to order the pleadings to be amended.

In Risley v. Wightman (13 *Hun*, 163), the defendant denied that the plaintiff was ever appointed executor.   The evidence showed that plaintiff had been appointed administrator with the will annexed.   The court held that the complaint was amendable, that it did not change the rights of the parties and constituted a mere technical variance.

In Phillips v. Melville (10 *Hun*, 211), it was sought, after taking evidence, to amend the summons and complaint, by changing the action by an administratrix to one in her own favor individually.   It was held that the change could not be made, for the reason that it made a new action, distinct and separate from the manner in which it had been commenced.

In Tasker v. Wallace (6 *Daly*, 364), an action

against a stockholder, upon a judgment recovered in a suit brought against " The West Side Railroad Company," under which name the judgment was recovered, upon motion afterward made, the court allowed the summons, complaint, judgment-roll and execution to be amended to make the title of the defendant, " The West Side and Yonkers Railroad Company." It was held that, as the summons had been served upon the proper officers of the company, and as the amendment did not create another or different action, it was properly allowed.

In Tighe v. Pope (16 *Hun*, 180), plaintiff moved for leave to amend the summons and complaint by striking out the words " as administratrix," and to proceed against the defendant personally. It was held by the General Term of the Supreme Court that the motion was proper and should have been granted, as it would have worked no change in the cause of action. The same person would be defendant, and no increased burden would be imposed upon her. In Haddow v. Haddow (3 *T. & C.*, 777), affirmed by the Court of Appeals, an action by a person in her own right was changed to one in her own favor as administratrix. In N. Y. Monitor, etc., Co. v. Remington Agr. Works (25 *Hun*, 475), it was held by the General Term that an amendment was permissible, striking out the defendant's name and substituting the names of the three partners who had purchased the defendant's business and were carrying it on under the defendant's name. This decision was reversed by the Court of Appeals (89 *N. Y.*, 22), but upon the ground that the effect of the amendment was to change

the action to one against other and different parties. The company named represented stockholders and different interests from those represented by the parties sought to be made defendants. The court says: " While full authority is conferred for adding or striking out the name of a person or a party, or correcting a mistake in such name, it does not sanction an entire change of name of the defendant by the substitution of another or entirely different defendants. In Van Cott v. Prentice (104 *N. Y.*, 57), an action against defendants as executors, the complaint alleged that the defendants held certain property in their representative capacity, which defendants admitted. The complaint conceded that the defendants asserted no other title or claim. After trial, a motion was made to amend the summons and complaint and ordering the judgment awarded to be entered against the defendants, individually and *de bonis propriis*. It was held that the amendment substituted a new and different cause of action, which as individuals the defendants had had no opportunity to defend.

In Fountain v. Carter (2 *Dem.*, 313), a proceeding for the revocation of probate of a will, a petition had been filed within a year, the citation was served within sixty days, upon the executor, but no service whatever had been made within that time upon any other person entitled to be made a party. It was held by the learned Surrogate, and very properly, that the proceeding should be dismissed. The time for further services had elapsed, and the petitioner had forfeited the benefit of § 2517. In Stilwell v. Carpenter (62 *N. Y.*, 639),defendant moved to dismiss the complaint

on the ground that the proof showed the plaintiff had no interest in her representative capacity. Held, that, as a cause of action was established in favor of the plaintiff, personally, and the complaint showed that she brought the action both as devisee and executrix, the motion was properly denied.

The rule laid down in the early cases was that process was not amendable, where it appeared void upon its face. It was held void for what it contained, but not for the omission of some essential requirement. This the court would allow supplied, as for instance, the clerk's signature, the seal of the court, or the name of the defendant, after the writ was executed and the defendant was in custody under it (1 Tidd's Pr., 161). The test, as to whether an amendment of a process is proper under the Code, appears to be whether the character of the action or proceeding will thereby be changed, and, if not, and the proper parties in interest have had due notice, any amendment may be made in the names or description of parties which will conform to the intention as shown in the pleadings. I cannot see that there is any prohibition against the continuance of this proceeding. I think the court has jurisdiction of the parties and subject-matter, and an amendment of the citation should be made in the interests of justice, showing the official character of the executors.

The other ground of the motion ought not to be passed upon without hearing the proofs; and this motion will therefore be denied.