IN THE MATTER OF THE PROBATE OF THE ALLEGED LAST WILL AND TESTAMENT, AND CODICILS ATTACHED THERETO, OF LYMAN SOULE, DECEASED.

*Power of a surrogate to amend a citation — Code of Civil Procedure, sec. 723 — the recitals in a decree admitting a will to probate do not estop a party to it from petitioning to have the decree revoked — an order denying a motion to dismiss a petition presented under section 2647 of the Code of Civil Procedure, that the probate be revoked, is not appealable.*

Upon the presentation of a petition by Cynthia D. Rood praying for a decree revoking the admission to probate of a written instrument purporting to be the last will and testament of Lyman Soule, deceased, and that the executors devisees and legatees, and persons who were parties to the proceedings in which the probate was granted, be cited to show cause why the probate should not be revoked, a citation was issued by the surrogate to the individuals named, who were duly served. The citation did not contain the names of the executors, as such, although their names twice appear among the names of the persons to whom the citation is addressed.

On the return day of the citation the executors appeared by attorney, solely as legatees under the will and codicils, for the sole purpose of making a motion to dismiss the petition upon the ground that they had not been served as executors, and upon the further ground that it appeared, by the recitals in the decree admitting the will to probate, that the petitioner appeared by counsel in such proceedings and consented that the same be admitted to probate.

Upon this appeal by the executors from an order made by the surrogate denying the motion:

*Held,* that the surrogate had power, and under the circumstances it was his duty, to amend the citation by adding to the names of the executors their representative character.

That while the recitals in the decree were *prima facie* evidence of the facts recited, the petitioner had the right to show the existence of facts which would relieve her from any claim that she was barred or estopped from maintaining the proceedings.

*Held,* further, that the order was not appealable, as it did not affect any substantial right of the appellants and the appeal should be dismissed.

APPEAL from an order of the Surrogate's Court of Cayuga county, denying a motion to dismiss proceedings to revoke the probate of the will of Lyman Soule, deceased.

*H. W. Howland, W. E. Hughitt* and *M. A. Knapp,* for Charles F. Durston and others, appellants.

*W. B. Woodin,* for Cynthia D. Rood, respondent.

HAIGHT, J.:

On the 25th day of March, 1887, Cynthia D. Rood, presented a petition to the Surrogate's Court of Cayuga county, showing that on the 28th day of June, 1886, certain paper writings were admitted to probate by that court as the last will and testament and codicils attached of Lyman Soule, deceased; that such paper writings were not the last will and testament and codicils of the deceased; that they were not signed by him; that he was not of sound mind and memory or capable of making a will at the time they were signed; that the execution of them was procured by fraud and circumvention, and undue influence practiced upon the deceased by certain parties named; that the subscription and publication thereof was procured by fraud and coercion, and that the papers had been changed and altered since they were executed, etc., and prayed for a decree revoking the probate and for such other and further relief as may be just, and that the executors, devisees and legatees and persons who were parties to the proceedings in which the probate was granted, be cited to show cause why the probate should not be revoked. Thereupon the surrogate issued a citation to the individuals named, who were duly served, but the citation failed to contain the names of the executors, as such, although their names are first given in the citation and again appear among the list of persons entitled to notice. On the return day of the citation the executors appeared by attorney, solely as legatees under the will and codicils, for the sole purpose of making a motion to dismiss the petition, upon the ground that they had not been served as executors, and upon the further ground that it appears by the recital in the decree of the surrogate admitting the will to probate that the petitioner appeared by counsel in such proceedings, and consented that the same be admitted to probate. The surrogate denied the motion to dismiss the proceedings, and from that order this appeal was taken.

We have examined the question upon the merits and we fully agree with the surrogate that he has the power, and under the circumstances it is his duty to amend the citation by adding to the names of the executors their representative character. The fact that their names twice appear among the list of persons to be cited, as is stated by the surrogate, indicates that the omission of the words indicating

their representative character was clerical and a mistake. The individuals who are executors were in fact served and they are consequently deprived of no substantial right; and it seems to us clear that the power to amend is given by section 723 of the Code, which is expressly made applicable to proceedings in Surrogate's Courts by section 2538. (*The Bank of Havana* v. *Magee*, 20 N. Y., 355; *Risley* v. *Wightman*, 13 Hun, 163; *Tighe* v. *Pope*, 16 id., 180; *N. Y. S. Monitor Milk Pan Ass'n, Lim.*, v. *The Remington Agricultural Works*, 89 N. Y., 22.)

It is contended that the recitals in the decree admitting the will to probate, to the effect that the petitioner appeared by counsel and consented thereto, is conclusive evidence of the facts recited, and that the petitioner is now barred or estopped from maintaining these proceedings by reason thereof. But we cannot assent to this proposition. Section 2647 of the Code gives to the persons interested in the estate the right, within one year after probate, to petition that the probate be revoked. If the recital in the decree is conclusive evidence of the fact recited, then any clerical error or mistake that may be made in draughting recitals or fraud practiced will cut off an heir-at-law from the right given by the Code to have the probate revoked. Section 2651 provides that upon the return of the citation the surrogate must proceed to hear the allegations and proofs of the parties, and section 2652, if the surrogate decides that the will is not sufficiently proved to be the last will of the testator, or is for any reason invalid, he must make a decree revoking the probate thereof, otherwise he must make a decree confirming the probate. Under these provisions the parties have the right to give evidence before the surrogate. The recitals in the decree may be, doubtless are, *prima facie* evidence of the facts recited, but we apprehend that the petitioner has the right to show the existence of facts which will relieve her from any claim that she is barred or estopped from maintaining the proceedings.

But we are of the opinion that this order is not appealable. The revisor says, in his note to the article upon appeals from decrees and orders of the surrogate, that the practice is assimilated so far as possible to those of actions in civil cases. Section 2570 provides that " an appeal to the Supreme Court may be taken from the decree of a Surrogate's Court, or from an order affecting a substantial right

made by a surrogate or by a Surrogate's Court in a special proceeding pending in that court or after a decree in such a special proceeding."

Section 2571 provides that an appeal taken from a decree brings up for review each intermediate order which is specified in the notice of appeal, etc.

No final decree has been reached in the proceedings to revoke the probate. The order appealed from merely denies the motion to dismiss. No costs were imposed or other right of the appellants affected. It may turn out upon the hearing that the surrogate will affirm the probate and thus do away with any necessity to review this order. If the motion to dismiss the proceedings is an appealable order in one case it must be in another. If, at the beginning of the hearing, the motion can be made and the order appealed from, a like appeal can be taken from an order denying a motion to dismiss upon the ground that the evidence is not sufficient to authorize a revocation of the probate after the petitioner has rested, or this practice being assimilated to that of civil cases in a case upon trial at circuit, every motion made for a nonsuit or dismissal of the complaint and refused, would be an appealable order. Such is not the law. An order to be appealable must affect a substantial right. No substantial right of the appellants has thus far been affected.

The appeal should, therefore, be dismissed, with ten dollars costs and disbursements.

BARKER and BRADLEY, JJ., concurred; SMITH, P. J., not sitting.

Appeal dismissed, with ten dollars costs and disbursements.