## SPENCE v. GRISWOLD.[1]

*(Common Pleas of New York City and County, Special Term.   July, 1889.)*

MECHANICS' LIENS—PARTIES—SUBSTITUTION.

Where a person against whose name a mechanic's lien is filed, but who is not the owner of the premises, is made sole defendant to a suit to foreclose such lien, plaintiff will not be allowed to substitute the proper parties either under the mechanic's lien act, providing that a lien shall not be invalid because of a mistake in the name of the owner in the notice of claim, or under Code Civil Proc. N. Y. § 452, authorizing the bringing in of new parties whose presence is necessary to the determination of the controversy between the parties to the action.

John Spence sued Wayne Griswold to foreclose a mechanic's lien. It appeared that Griswold, against whose name the lien was filed, was not the owner of the premises, but that the same were owned by Griswold's wife, Anna L., who during the pendency of this action sold them to Mary Hopkins. Plaintiff moves to substitute Anna L. Griswold and Mary Hopkins as defendants in the stead of Wayne Griswold.

*H. D. Sedgwick,* for plaintiff.   *Ira D. Warren,* for defendant.

VAN HOESEN, J.   Wayne Griswold is the sole defendant, and he ought not to have been made a party to the action, as he has no interest in the subject-matter, and as no relief can be obtained against him. The plaintiff has sued the wrong party, and he now wishes to sue the right one, but the difficulty is that he is attempting to use this action as a vehicle for making an exchange of defendants. If he had a defendant before the court who was a proper party to the action, he might well ask that other defendants should be brought in when he had shown that their presence was necessary to the determination of the controversy; but there is no way known to our law by which, when a plaintiff has sued the wrong man, he can cure the error by making the right man a supplementary party. This is well settled. *Davis* v. *Mayor,* 14 N. Y. Y. 506, 527; *Association* v. *Agricultural Works,* 89 N. Y. 22. The suggestion that the mechanic's lien act provides that a lien shall not be invalid because of a mistake in the name of the owner in the notice of claim, does not aid the plaintiff. The question here is as to the right of the court to strike out the name of one who ought never to have been made a party, and to insert in its stead the name of another person. Code Civil Proc. § 452, does not provide for such a case. It authorizes the bringing in of new parties whose presence is necessary to the determination of a controversy between parties to the action. But there is no controversy between Wayne Griswold and the plaintiff, and the presence of Mrs. Hopkins and Mrs. Griswold is not necessary for the determination of any such controversy. The plaintiff may attempt to bring a new action, but he cannot in this action substitute Mrs. Hopkins and Mrs. Griswold in place of Wayne Griswold.

Motion denied; $10 costs.