VOIGHT *v.* SCHENK *et al.*

*(Supreme Court, General Term, Third Department.  December 11, 1889.)*

NUNC PRO TUNC ENTRY—NAME OF NEW DEFENDANT.

An order, made after judgment in an action of foreclosure, inserting the name, as a party defendant, of one who, as receiver, had become owner of the equity of redemption before commencement of the action, in the summons, complaint, *lis pendens*, judgment, notice of sale, and all papers, *nunc pro tunc* as of the dates of such papers, is erroneous, as a new defendant can be brought in by supplemental summons only, under Code Civil Proc. N. Y. § 453, unless on his own application.

Appeal from special term, Albany county.

Action to foreclose a mortgage by Herman Voight against George Schenk and others.  After judgment of foreclosure and sale, an order was made entering the name of Thomas A. Murray, receiver, as a party defendant in the various papers, *nunc pro tunc*, and from this order Murray appeals.

Argued before LEARNED, P. J., and LANDON and FISH, JJ.

*John R. Langan,* for appellant.  *Myers & Norton,* (*John T. Norton,* of counsel,) for respondent.

LEARNED, P. J.  The order appealed from was made after judgment.  It inserted the name of Thomas A. Murray, as receiver, as a party defendant to the action in the summons and complaint, *lis pendens,* judgment, notice of sale, and all papers and proceedings, *nunc pro tunc* as of the date of the several papers.  The very object of a *lis pendens* might be destroyed if the name of a defendant could be inserted *nunc pro tunc.*  If a new party is brought in, a new *lis pendens* should be filed.  The effect of this order would be to create a judgment against a man who had never been sued.  This cannot be done.  *Association* v. *Agricultural Works,* 89 N. Y. 22, 25 Hun, 475; *Bassett* v. *Fish,* 75 N. Y. 304.  The defendant Murray, as receiver, had become the owner of the equity of redemption before the commencement of this action of foreclosure.  His rights could not be barred by an order inserting his name in a judgment entered on a summons and complaint to which he had not been a party, and with which he had not been served.  Furthermore, if he were to be brought in as a defendant, a supplemental summons would have to be served on him.  Code, § 453.  In no other way could he, except on his own application, be made a party.  We do not think that the fact that Murray is a receiver deprives him of the right of defending an action lawfully brought against him.  It is true that a receiver is an officer of the court; but even officers of the court are entitled to be sued by due process of law, when sued at all.  The order appealed from must be reversed; but the plaintiff, if he chooses, may apply to the special term for leave to open the judgment and the sale, and to make Murray, as receiver, a party defendant, by serving a supplemental summons on him.  We cannot grant this order here, because we do not know what persons may be interested as purchasers at the the sale, and who may therefore be entitled to notice.  No costs are allowed on this appeal.  All concur.