DETERMINED IN THE

# THIRD DEPARTMENT

AT

# GENERAL TERM,

## December, 1889.

---

HERMAN VOIGT, Respondent, v. GEORGE SCHENCK
AND OTHERS, AND THOMAS A. MURRAY, AS RECEIVER
OF THE PROPERTY AND EFFECTS OF GEORGE SCHENCK,
APPELLANT.

*Inserting, after judgment of mortgage foreclosure and sale, the name of a receiver of the property of one of the original defendants, in the judgment and other papers nunc pro tunc.*

After a judgment of foreclosure had been entered, and notice of sale had been given for September 14, 1889, an order was made, on September 12, 1889, by which the name of Thomas A. Murray, as receiver of George Schenck, a party to the action, was inserted in the summons and complaint, *lis pendens,* judgment, notice of sale and all papers and proceedings, *nunc pro tunc,* as of the date of the several papers.

On an appeal from this order it appeared that, before the commencement of the action of foreclosure, the defendant Murray, as receiver of the defendant, George Schenck, had become the owner of the equity of redemption.

*Held,* that as the effect of this order would be to create a judgment against a man who had never been sued, the order appealed from should be reversed, but that the plaintiff, if he choose to do so, might apply to the Special Term for leave to open the judgment of foreclosure and sale and make Murray, as receiver, a party defendant by serving a supplemental summons upon him.

APPEAL by Thomas A. Murray, as receiver of the property of George Schenck, from an order made at a Special Term, held in Albany county on the 13th day of September, 1889, which was

entered in the office of the clerk of the county of Albany on the 14th day of September, 1889.

The action was brought for the foreclosure of a mortgage in which judgment of foreclosure, directing a sale, was entered; notice of the sale was given for September 14, 1889. Thereupon, and on September 12, 1889, an order was made that the name of Thomas A. Murray, as receiver of George Schenck, a party to the action, was inserted in the summons and complaint, *lis pendens*, judgment, notice of sale and all papers and proceedings, *nunc pro tunc*, as of the date of the several papers.

*John R. Langan*, for the appellant.

*John T. Norton*, for the respondents.

LEARNED, P. J. :

The order appealed from was made after judgment. It inserted the name of Thomas A. Murray, as receiver, as a party to the action, defendant, in the summons and complaint, *lis pendens*, judgment, notice of sale, and all papers and proceedings, *nunc pro tunc*, as of the date of the several papers.

The very object of a *lis pendens* might be destroyed if the name of a defendant could be inserted *nunc pro tunc*. If a new party is brought in a new *lis pendens* should be filed. The effect of this order would be to create a judgment against a man who had never been sued. This cannot be done. (*N. Y. State Mon. Pan. Ass. v. Remington Agricultural Works*, 89 N. Y., 22 ; 25 Hun, 475 ; *Bassett* v. *Fish*, 75 N. Y., 304.)

The defendant Murray, as receiver, had become the owner of the equity of redemption before the commencement of this action of foreclosure. His rights could not be barred by an order inserting his name in a judgment, entered on a summons and complaint to which he had not been a party and with which he had not been served. Furthermore, if he were to be brought in as a defendant a supplemental summons would have to be served on him. (Code, § 453.) In no other way could he (except on his own application) be made a party. We do not think that the fact that Murray is a receiver deprives him of the right of defending an action lawfully brought against him. It is true that a receiver is an officer of the

court.   But even officers of the court are entitled to be sued by due process of law when sued at all.

The order appealed from must be reversed.   But the plaintiff, if he chooses, may apply to the Special Term for leave to open the judgment and the sale, and to make Murray, as receiver, a party defendant, by serving a supplemental summons upon him.   We cannot grant this order here, because we do not know what persons may be interested as purchasers at the sale, and who may, therefore, be entitled to notice.

No costs are allowed on this appeal.

LANDON and FISH, JJ., concurred.

Order reversed, with leave to plaintiff to apply to Special Term to open judgment and to bring in defendant ; no costs of appeal.