WILLIAM H. GLOVER COMPANY *vs.* MARY M. ROLLINS.

Knox.     Opinion April 15, 1895.

*Pleading. Amendments. Parties. Lien. R. S., c. 82, § 13; c. 91, § 34.*

Revised Statutes, c. 82, § 13, which provides that " a writ founded on contract express or implied, may be amended by inserting additional defendants," do not authorize the substitution of a new defendant for the only one originally named in the writ.

*Held:* such an amendment, if allowable, in an action to enforce a lien under R. S., c. 91, § 34, would be of no avail, if more than ninety days had elapsed after the last items of materials were furnished before the amendment could be allowed.

ON EXCEPTIONS.

The case appears in the opinion.

*L. R. Campbell*, for plaintiff.

*C. E. and A. S. Littlefield*, for defendant.

SITTING : WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

WHITEHOUSE, J.   This is an action of assumpsit in which the plaintiff corporation seeks to enforce a lien on the defendant's dwelling-house and the lot of land on which it stands, for materials furnished to James A. Clark, the contractor, in the erection of the building.

The house was built by James A. Clark under an entire contract made by him with the defendant to furnish all the labor and materials and build the house for a stipulated sum. The materials embraced in this suit were all used in the erection of the building, but they were furnished by the plaintiff at the request of Clark and charged to him, and it was admitted that the defendant was not liable to the plaintiff for any part thereof.

In view of these facts the plaintiff, at the return term. of the action, moved to amend the writ by striking out the name of Mary M. Rollins as defendant, and inserting in place of it the name of James A. Clark as the only defendant in the suit.

But the presiding justice ruled, as a matter of law, that the court had no power to allow the amendment, and the case being submitted to him on the facts, ordered a nonsuit. The case comes to this court on exceptions to these rulings.

The nonsuit was rightly ordered. At common law, in actions of assumpsit, or on contract, amendments by striking out the names of existing plaintiffs or defendants, or by inserting those of new and additional ones, were not allowable. *Ayer* v. *Gleason*, 60 Maine, 207. The power to allow such amendments has been conferred upon the court by statute; and the only authority invoked by the plaintiff for the amendment proposed in this case is found in R. S., c. 82, § 13, which provides that : " A writ founded on contract express or implied may be amended by inserting additional defendants ; and the court may order service to be made on them, . . . . and on return of due service they become parties to the suit." It will be observed that the language of this statute is that the writ may be amended by inserting " additional defendants." It does not say that it may be amended by striking out the only defendant or defendants, named in the writ, and inserting other defendants in place of them. It does not authorize the substitution of a new defendant for the only one originally named in the writ. In *Duly* v. *Hogan*, 60 Maine, 355, the plaintiff sought to accomplish indirectly what the plaintiff here attempts to reach directly. He obtained an order for an amendment authorizing the insertion of additional defendants upon whom copies of the writ were duly served, and at the next term discontinued as to the original defendant. But the court held that, under this statute, a plaintiff could not thus summon in additional defendants unless he also continued to prosecute his action against the original defendant. Such a proceeding is thus characterized in the opinion : "A statute which was designed to authorize the summoning in of additional defendants, where there is a *bona fide* intention to pursue the claim against all the original joint promisors ought not to be perverted into a means of conjuring a fresh set of defendants into a suit already commenced which is not intended to be prosecuted against the party originally sued.

That is not a summoning in of additional defendants, but an entire change of parties defendant, a substitution of one defendant for another." So in *Jones* v. *Sutherland*, 73 Maine, 158, a similar construction was placed on the corresponding provision of the statute respecting additional plaintiffs. See also *Lodge* v. *Brooks*, 61 Maine, 585; and *Association* v. *Remington*, 89 N. Y. 22. It is in effect the institution of a new suit against Clark and he is entitled to have the action commenced against him by an original writ in accordance with Chapter 81, § 2, R. S.

But since the amendment, if allowable, would have been equivalent to the bringing of a new suit, the plaintiff, would have found it of no avail in the enforcement of the lien, as more than ninety days had elapsed after the last items of material were furnished before the amendment could have been allowed. R. S., c. 91, § 34.

*Exceptions overruled.*