SALVATORE LICAUSI, Respondent, *v.* EDMUND S. ASHWORTH, Appellant.

*An order substituting a corporation as defendant in place of an individual, the president thereof — a direction that the service of the summons on the individual stand as service upon the corporation, is improper.*

An attorney, desiring to bring an action against the proprietor of a business, made inquiry of a mercantile agency and was there informed that the proprietor of the business was one Edmund S. Ashworth, and that he conducted it under the name of the Stanley Hod Elevator Company. After the action had been brought against Ashworth and personal service of the summons had been made upon him, it transpired that the proprietor of the business was the Stanley Hod Elevator Company, a corporation, of which Ashworth was the president at the time the summons was served upon him.

*Held,* that the court had no power, under section 723 of the Code of Civil Procedure, to make an order substituting the Stanley Hod Elevator Company as defendant in the place of the defendant Ashworth, and directing that the service of the summons theretofore made upon Ashworth should stand as the

service of the summons upon the Stanley Hod Elevator Company, notwithstanding that the Statute of Limitations was a bar to the maintenance of an independent action against the Stanley Hod Elevator Company.

APPEAL by the defendant, Edmund S. Ashworth, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 20th day of May, 1902, substituting the Stanley Hod Elevator Company as defendant in place of the defendant Edmund S. Ashworth, and directing that the summons theretofore served upon Edmund S. Ashworth stand as personal service of the summons upon the Stanley Hod Elevator Company.

*Edwin A. Jones* [*Harford T. Marshall* with him on the brief], for the appellant.

*Nelson L. Keach* and *Achille J. Oishei,* for the respondent.

WILLARD BARTLETT, J. :

The summons in this action names Edmund S. Ashworth as sole defendant. The complaint sets out a cause of action for negligence against Edmund S. Ashworth individually. The only reference to the Stanley Hod Elevator Company in the complaint is contained in the 2d subdivision thereof, which reads as follows : " That the above named defendant is in business in the Borough of Manhattan, City of New York, known as the Stanley Hod Elevator Company, and is the owner of machines and engines, etc., and has in his employ a number of men for the running and managing of said engines, and also engineers."

The answer was interposed setting up a general denial. After its service the plaintiff moved at Special Term to substitute the Stanley Hod Elevator Company, a corporation organized under the laws of the State of New York, as the defendant in place of Edmund S. Ashworth. This motion was granted, and an order of substitution was made at Special Term, which order further provides that the summons heretofore served on Edmund S. Ashworth shall stand as personal service of the summons on the Stanley Hod Elevator Company.

The petition of the plaintiff's attorney, on which this order was granted, states that when the plaintiff came to said attorney and

placed the action in his hands, the attorney went to Dun's agency in the city of New York and made inquiries in regard to the Stanley Hod Elevator Company, and "was there informed that Edmund S. Ashworth was the sole owner of the said company and ran it under that name." The application for the substitution was made in consequence of information subsequently obtained to the effect that the Stanley Hod Elevator Company was a corporation and that Edmund S. Ashworth was the president and "owner of the corporation."

The order appealed from is sought to be sustained as a valid exercise of power under section 723 of the Code of Civil Procedure. I am of opinion, however, that this section does not authorize an amendment which changes a party defendant by substituting a corporation in place of an individual. In _Bassett_ v. _Fish_ (75 N. Y. 303, 315) it was suggested that the Court of Appeals might direct the complaint to be amended by striking out the name of the individual defendants, who were sued as trustees of "Gowanda Union Free School District No. 1," and inserting the name of said corporation. "It seems to be thought," said FOLGER, J., delivering the opinion of the court, "that this would not be a change of parties, but only a change of name of the present defendants. This is not well conceived. To insert the corporate name would be to make the corporation the party and to dismiss the defendants, as persons or officers, from the action. But we have not jurisdiction of the person of the corporation. It has not been brought into court. We may not make it a party to this action by such an amendment." In the present case, although it appears that Edmund S. Ashworth was the president of the Stanley Hod Elevator Company at the time of the service of the summons upon him, it is manifest that he was not served as such president, but that the summons and complaint were directed against him as an individual and not intended to affect the corporation at all. That this was the result of a mistake on the part of the plaintiff's attorney may be conceded, but it does not appear to be a mistake for which the appellant is responsible, inasmuch as the very information which the plaintiff's attorney obtained from the mercantile agency to which he applied showed that the business in which his client had been employed was conducted in the name of the Stanley Hod Elevator Company, and this information was certainly suggestive of the possibility or probability that

the employer was really a corporation and not an individual. It seems to me that it sufficed to put the attorney upon inquiry as to this question, and that his client assumed the risk of the mistake which he made in suing Mr. Ashworth individually when he ought to have sued the Stanley Hod Elevator Company.

But irrespective of any question of responsibility for the error, it seems quite clear, upon authority, that the power of amendment which the court possesses under section 723 of the Code of Civil Procedure does not extend far enough to sustain the order under review. In the case of *New York State Monitor Milk Pan Assn.* v. *Remington Agricultural Works* (89 N. Y. 22, 24) the order assumed to authorize the striking out of the name of the defendant, and the insertion of the names of three individuals as defendants in lieu thereof. Of this order the Court of Appeals said : " Its effect is to continue the action against other and different parties than the one named, thus substituting a cause of action with new and other defendants. Such an amendment is not, we think, authorized by any provision of the Code or any of the adjudged cases. Section 723 of the Code of Civil Procedure does not cover any such case. While full authority is conferred for adding or striking out the name of a person or a party, or correcting a mistake in such name, it does not sanction an entire change of name of the defendant by the substitution of another or entirely different defendants."

The cases relied upon by the respondent to uphold the order are readily distinguishable from the case at bar. In *Reilly* v. *World Publishing Co.* (14 N. Y. St. Repr. 390) the amendment struck out the name of the World Publishing Association and substituted that of the Press Publishing Company. The summons and complaint had been served upon an officer of the Press Publishing Company and set out a cause of action for libel against the corporation publishing the New York *World.* The Press Publishing Company was in fact the publisher of said newspaper. The case, therefore, was merely one of a misnomer of the corporation defendant; and the amendment did not substitute one defendant for another, but merely corrected an error in the name of the defendant served and sued.

The case of *Munzinger* v. *Courier Co.* (82 Hun, 575) is an authority against the respondent rather than in his favor; for it

clearly holds that while an amendment may be allowed where there is merely a misnomer or some defect in the designation of the defendant, it cannot be permitted where there is a substitution or change of the party.

In *Evoy* v. *Expressmen's Aid Society* (51 N. Y. St. Repr. 38) the action was brought against the defendant as a foreign corporation, and the answer alleged that it was a voluntary association and not a corporation. It was there held that inasmuch as the action was brought against the right body of persons, under the wrong name, the plaintiff having been misled by their use of that name, it was proper to allow an amendment of the summons by substituting the names of the persons constituting the association as defendants. The court there said : " There is no doubt but that the plaintiff intended to sue the company doing business under the name of the ' Expressmen's Aid Society.' " But here the plaintiff did not intend to sue any company at all. He apparently believed that his employer was an individual, and has sued that individual. I do not see how it can well be held that the commencement of a suit against such individual was the commencement of a suit against a corporation, even though he was the president of that corporation and its principal stockholder.

The case is an unfortunate one for the plaintiff, as the Statute of Limitations appears to have run in favor of the Stanley Hod Elevator Company, but that fact has no bearing upon the question of power involved in this appeal.

I think the order should be reversed.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and JENKS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with costs.