taken is clearly defective. Hemenway v. Knudson, 73 Hun, 227, 25 N. Y. Supp. 1018.

The order must therefore be reversed, with $10 costs and disbursements, and plaintiff's motion to vacate and set aside the order for a commission granted. All concur.

(118 App. Div. 80)

### WARD v. TERRY & TENCH CONST. CO.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

**1. PARTIES—AMENDMENT.**

Plaintiff was employed by and intended to sue the "T. & T. Company," and not the "T. & T. Construction Company," as originally designated in the summons and complaint. The T. & T. Company occupied the same office and continued the same line of business that had formerly been carried on by the construction company, which, after becoming financially embarrassed, had ceased doing business a month or two prior to the incorporation of the T. & T. Company. The original summons and complaint were served on T., who was vice president and treasurer of the T. & T. Company, and who was also vice president and treasurer of the construction company. The stock of the latter consisted of 500 shares, which were owned by the two T.'s, with the exception of 10 shares, and the stock of the T. & T. Company consisted of 750 shares, of which 250 shares were owned by the T.'s, and the remainder by M. The construction company, by its answer, did not deny plaintiff's employment, but pleaded contributory negligence, negligence of plaintiff's fellow servant, and assumed risk. Plaintiff was neither employed by the construction company, nor did it have any connection with the accident. *Held*, that the court was authorized to allow plaintiff to amend his summons and complaint by eliminating the word "Construction" from defendant's corporate name in the title of the action, etc., under Code Civ. Proc. § 723, authorizing amendments in furtherance of justice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, § 164.]

**2. SAME—TERMS.**

Where defendant did not mislead plaintiff by any erroneous information, and was not in any manner at fault with reference to a mistake made by plaintiff, in suing defendant instead of another corporation, as intended, an order granting plaintiff leave to amend the summons and complaint by changing the name of the corporation sued could only have been granted on payment of $10 costs of the motion and the statutory costs of the action to that date.

Scott and Clarke, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Catherine A. Ward, as administratrix of the estate of John H. Ward, deceased, against the Terry & Tench Construction Company. From an order authorizing the service of an amended summons and complaint, amending the name of the defendant by striking out the word "Construction," so as to change defendant's name to the "Terry & Tench Company," defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

William J. Moran, for appellant.
Charles Caldwell, for respondent.

LAUGHLIN, J. This is a statutory action to recover for the death of John H. Ward, alleged to have been caused by the negligence

of the defendant. The original complaint alleges that the decedent was in the employ of the defendant, and was killed on the 29th day of July, 1903, while engaged in the construction of a power house at Fifty-Ninth street and Eleventh avenue, in the borough of Manhattan. The plaintiff alleged that the defendant was a corporation; that the decedent was in its employ, in the due performance of his duties, at the time of receiving the injuries which resulted in his death, and that the notice required by the employer's liability act was duly served. The defendant admitted its incorporation and the receipt of the notice, but denied all of the other material allegations of the complaint, and alleged, upon information and belief, that the injuries sustained by the decedent were caused by his own negligence, or by the negligence of his fellow servants, "or by the negligence of some third person or persons over whom this defendant had no authority or control," and that "all the risks and dangers connected with the situation" were open, obvious, and apparent, and were known to and assumed by the decedent. The plaintiff thereafter discovered that the corporate name of decedent's employer was incorrectly specified in the title of the action and moved to amend.

The moving papers show that the name of the corporation by which the decedent was employed, and which was intended to be sued herein, was the Terry & Tench Company, and not the Terry & Tench Construction Company, as originally designated; that the Terry & Tench Company is a domestic corporation, and was incorporated on the 18th day of June, 1903, and occupied the same office and continued the same line of business as a domestic corporation incorporated under the name of the "Terry & Tench Construction Company" in the year 1900, which became financially embarrassed and ceased doing business a month or two prior to the incorporation of the Terry & Tench Company, and went into the hands of a receiver in May, 1906; that the summons and complaint were served upon Frederick Tench, who was vice president and treasurer of the new company, and was also vice president and treasurer of the old company; that the capital stock of the old company consisted of 500 shares, and that Edward F. Terry and Frederick Tench each owned 245 shares, and one Shoemaker owned the remaining 10 shares; that the capital stock of the new company consisted of 750 shares, and that said Terry and Tench each owned 250 shares, and one Muller owned the remaining 250 shares; that both companies were insured by the same accident insurance company and represented by the same attorneys. I am of opinion that these facts bring the case within the rule which authorized the court at Special Term to allow an amendment to correct a misnomer of a party defendant. Service was made upon an officer of the new company, who also happened to be an officer of the old company. It does not appear that the decedent had any relations with the old company. It is manifest that the plaintiff intended to sue the company in whose employ the decedent was, and Tench, as an officer of each, had knowledge, from the facts alleged in the complaint, that such was the plaintiff's intention. He knew that the old company had ceased to do business, and that the new company was virtually its successor, continuing the same line of business at the same place. The answer, in setting up the contributory negligence

of the decedent and the negligence of his fellow employés, was calculated to mislead the plaintiff, unless it was intended as a recognition that the action was brought against the company which employed the decedent. The defense of the action for the old company merely required a denial of the employment of the decedent; for, if he was not in its employ, it was wholly immaterial to the defense whether the decedent or any of his fellow employés was guilty of contributory negligence. If the plaintiff cannot now obtain this amendment, it may be that the statute of limitations has run against the action. The new company, having thus had notice that it was the party intended to be sued, cannot be prejudiced by allowing the amendment, and, since the plaintiff may be seriously prejudiced, the motion should be granted in furtherance of justice, if it is competent for the court to allow the amendment.

It appears that the plaintiff was not aware that there were two corporations with names identical, except that the new company dropped the word "Construction," one of which had gone out of business and was succeeded by the other, without change or notice to the public other than filing the certificate of incorporation. In these circumstances I think it is quite immaterial that there was in existence an old company having the corporate name of which the plaintiff originally designated the defendant. On the facts disclosed that circumstance is not sufficient to bring the case within the rule that you cannot by an amendment strike out the name of one party and substitute another defendant in his place. The plaintiff never intended to sue the old company. The old company had nothing to do with the accident. She intended to sue the company which employed the decedent, and the complaint gave notice to the defendant, through its vice president and treasurer, upon whom the service was made, that such was the fact. Of course, if service had not been made on an officer of the new company, and if the new company, through its officer, had not been informed of the facts, so that it had notice that it was the party intended to be sued, the amendment could not have been properly allowed. Service was made upon the right party, and the new company, through its officer upon which service was made, and which was the employer of the decedent, had notice from the allegations of the complaint that it was the party intended to be sued. The case is precisely the same as if there had been no old company, and the plaintiff made a mistake in the corporate name of the new company. Authority to allow an amendment to correct such a misnomer is conferred by section 723 of the Code of Civil Procedure, and by the decisions of the courts made thereunder (Munzinger v. Courier Co., 82 Hun, 575, 31 N. Y. Supp. 737; Tighe v. Pope, 16 Hun, 180; Boyd v. U. S. Mortgage & Trust Co., 84 App. Div. 466, 82 N. Y. Supp. 1001; 94 App. Div. 413, 88 N. Y. Supp. 289; Alker v. Rhoads, 73 App. Div. 158, 76 N. Y. Supp. 808; Kerrigan v. Peters, 108 App. Div. 292, 95 N. Y. Supp. 723; Reilly v. World Pub. Co., 47 Hun, 635; Abbott v. Jewett, 25 Hun, 603; Dean v. Gilbert, 92 Hun, 427, 36 N. Y. Supp. 1004; Evoy v. Expressmen's Aid Society, 66 Hun, 636, 21 N. Y. Supp. 641).

I think the decisions in N. Y. S. M. Milk Pan Ass'n v. Rem. Agr. Works, 89 N. Y. 22, and Licausi v. Ashworth, 78 App. Div. 486, 79

N. Y. Supp. 631, are distinguishable from the case at bar. In the former, the name of the sole defendant, a corporation, was stricken out, and the names of three individuals were substituted therefor. This, it was held, could not be done. It was evident that the plaintiff could not have originally intended to sue the individuals, and that the service upon the corporation could not be deemed upon the individuals. Licausi v. Ashworth, supra, is distinguishable. In that case the plaintiff was informed that one Ashworth was the proprietor of a business conducted under the name of the "Stanley Hod Elevator Company," and, after suing Ashworth individually, discovered that the business was conducted by the Stanley Hod Elevator Company, which was a corporation of which Ashworth was the president. After the statute of limitations had run against an action in his favor against the company, he moved to strike out Ashworth's name as the defendant and substitute therefor the name of the company. This, it was held, could not be done. The court expressed the view that he had sufficient notice that the company was probably a corporation to put him on more careful inquiry, and also decided that the court was without authority to substitute the name of a corporation for the name of an individual as defendant. It was observed by the learned justice who wrote the opinion that the plaintiff did not intend to sue the company, and that the service upon Ashworth in an action brought against him individually was not notice to the company.

Here, however, it is to be observed that the plaintiff understood that the decedent worked for a corporation, and intended to sue the corporation, and served an officer of the corporation, and the information contained in the papers served clearly disclosed to him, as an officer of the new corporation, that it was the new corporation which the plaintiff intended to name as defendant. Moreover, the connection of the two companies is not to be overlooked. The new took possession of the office of the old, and continued, if not the same business, at least the same line of business; and the inference is plain that it was designed to succeed to the good will of the old company, and lead the public and the employés to think either that there was no change, or that it was the successor to the old company. It placed Tench as its active vice president and treasurer in the same chair he had occupied as the active vice president and treasurer of the old company, which, although not formally dissolved, had in effect gone out of business. It follows, therefore, that the amendment was properly allowed.

The motion was granted without requiring the payment of costs. It does not appear that the defendant gave any erroneous information to the plaintiff prior to the commencement of the action which led to the mistake, and therefore it cannot be said to have been at fault. If properly sued originally, it might not have defended. Under the order, it will be obliged to plead over, and will lose the benefit of all intermediate steps and proceedings. Therefore the motion should have been granted upon payment of $10 costs of the motion and statutory costs of the action to that date.

The order should therefore be modified, without costs of the appeal, by providing that the motion is granted upon payment of $10 costs of

the motion and the statutory costs of the action to the date the motion was made.

PATTERSON, P. J., and INGRAHAM, J., concur.

SCOTT, J. (dissenting). In my opinion the order appealed from is wholly unauthorized. We have not here a case wherein the plaintiff made a mistake in the name of the persons intended to be sued. Her mistake was as to the identity of the person who had wronged her. She believed that her husband, at the time of his death, was in the employ of the Terry & Tench Construction Company, and therefore she sued that company. She now finds that her husband was employed by an entirely different corporation, to wit, the Terry & Tench Company, a separate and distinct entity, and that her claim, if she has one, is against the latter. The purpose of the order appealed from is to substitute the Terry & Tench Company as defendant in place of the corporation already sued, in the hope that by this means the plaintiff will avoid the plea of the statute of limitations which might be set up, if a new action against the Terry & Tench Company were to be now brought.

I am quite unable to distinguish this case from N. Y. S. M. Milk Pan Ass'n v. Remington, 89 N. Y. 22, and Licausi v. Ashworth, 78 App. Div. 486, 79 N. Y. Supp. 631, in both of which an order, similar to that here considered, was declared to be unauthorized. It is said that it is evident that plaintiff intended to sue the Terry & Tench Company, because it was her clear intention to sue the company for whom her husband worked. That is true; but it is also true that it was equally apparent that the plaintiffs in each of the cases cited above intended to sue the persons against whom they had claims, and that they fell into precisely the same error that this plaintiff fell into in mistaking the identity of the person against whom they had such claims. In short, we have here, not the case of a misnomer, but a deliberate intention to sue the wrong defendant, under the mistaken belief that it was the person from whom plaintiff had suffered damage.

The order should be reversed, with costs, and the motion denied.

CLARKE, J., concurs.