Charles S. Sofield and Alexander Frazer Company, Respondents, v. W. Beckers Aniline and Chemical Works, Inc., Appellant.

Second Department, June 11, 1920.

**Pleadings — when amendment at trial bringing in new party plaintiff improper.**

Where an action involving the ownership of certain property has been on trial for several days, it is improper, against the objection of the defendant, to allow an amendment of the pleadings so as to bring in a new party plaintiff, and so change the theory of ownership of the property which is the subject of the litigation. Such amendment introduces a radically different action from the one originally commenced.

Appeal by the defendant, W. Beckers Aniline and Chemical Works, Inc., from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 6th day of November, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of October, 1919, denying defendant's motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 6th day of November, 1919, granting the plaintiffs an extra allowance.

*Benjamin G. Paskus,* for the appellant.

*George A. Green* [*Alec H. Seymour* with him on the brief], for the respondents.

PER CURIAM:

We think the learned trial justice erred in allowing the amendment bringing in the Alexander Frazer Company as a party plaintiff.  The amendment was made after the action had been on trial for several days upon the issues presented by the pleadings, between the original plaintiff Sofield, and the defendant appellant.  At the time the application to amend was made and granted over defendant's objection and exception, there was no evidence before the court warranting such amendment.  The application was without notice or proof of any kind justifying such an amendment.  It brought in a new party plaintiff and a changed theory of ownership of the oysters which were the subject of the litigation.  Such an amendment cannot be granted under the Code of Civil Procedure, section 723, during the course of the trial over objection duly made.  So far as the original parties were concerned, it introduced a radically different action from the one originally commenced.  (*Doyle* v. *Carney,* 190 N. Y. 386; *Van Cott* v. *Prentice,* 104 id. 45; *Licausi* v. *Ashworth,* 78 App. Div. 486; *Johnson* v. *Phœnix Bridge Co.,* 133 id. 807.)  The proposed amendment to the complaint was not formulated, or stated in any definite manner, and no amendment of the answer was allowed to meet the new situation.  Under the testimony of the witness Frazer, examined after the amendment had been allowed, there is considerable doubt whether there was any ownership of the oysters by the original plaintiff Sofield justifying an award of damages to him.

The judgment and orders should be reversed and a new trial granted, with costs to the appellant to abide the event.

JENKS, P. J., MILLS, RICH, KELLY and JAYCOX, JJ., concur.

Judgment and orders reversed and a new trial granted, with costs to appellant to abide the event.