Dore, J.
(dissenting in part). Plaintiff sues to recover $38,500 damages resulting from defendants’ fraud in inducing him to release a claim against defendant Commerce International China, Inc., for commissions earned amounting to $58,500 on payment to him of the sum of $20,000. The fraud consists in statements made by the president and treasurer of defendant Commerce that another company, Hyman-Miehaels Company, had refused to pay the amount of plaintiff’s commissions to Commerce although the contracts involved had been fully performed. Thereafter plaintiff learned, and a letter from Hyman-Miehaels Company supports his contention, that Hyman-Miehaels Company had turned over the full amount of plaintiff’s commissions to Commerce and, therefore, plaintiff sues defendants for the difference between the $20,000 he received and the $58,500 defendants agreed to pay him or $38,500.
A warrant of attachment was issued against defendant Commerce which was described in plaintiff’s affidavit as a New Jersey corporation and the Sheriff, on June 21, 1949, levied on approximately $45,000 on deposit with the Chase Bank in New York County, in the name of defendant Commerce International China, Inc., and the bank originally certified it held that sum on its books for the account.
Thereafter on applications to vacate the warrant defendant’s counsel admitted under oath that property of the moving defendant had been attached in the sum of $45,000; and it was not until July 20, 1949, that defendant’s counsel says he learned from Mr. Fassoluis, an officer of both corporations, that there were two corporations with the same name, one a New Jersey and the other a Delaware corporation, and that the funds of the Delaware corporation had been attached and not of the New Jersey corporation mentioned in the attachment papers. Thereafter, plaintiff moved to amend the warrant and the first order appealed from denied that motion.
On the indisputable facts established in this record plaintiff is not attempting to bring in a new corporation, the Delaware corporation, but merely to correct a misnomer of the State of incorporation of a party defendant Commerce International China, Inc., inadvertently described as a New Jersey instead of a Delaware corporation.
Without any denial or contradiction by any of, the defendants, the record establishes that the contract on which plaintiff is suing 'was made by plaintiff with one Gray, coneededly at the time a vice-president of the Delaware corporation; that $100,000, which included plaintiff’s full commissions, was paid by the third party, Hyman-Miehaels Company, to defendant Commerce and deposited not in the New Jersey corporation’s account but in the account of the Delaware corporation in the Chase Bank, the very account that was attached; that the $20,000 paid in settlement induced by defendants’ claimed fraud was withdrawn from the Delaware corporation’s account; that the corporation with which plaintiff coneededly did business, which he was suing and whose funds he was attaching, had its address at 19 Rector Street, New York, N. Y., which *1061 the defendants in their answer have denied was the office of the New Jersey corporation; and that the person served with the summons and complaint at that office, 19 Rector Street, the office of the Delaware corporation, was one Aprahamian, eoncededly at the time president of the Delaware corporation. It is also established that the parties in interest in both corporations are the same as are the names of both corporations.
Accordingly, as it was the Delaware corporation that was served at its office in New York and as it and defendants Aprahamian and Fassoluis were nonresidents, there was no jurisdictional defect but merely a misdescription of the State of incorporation of defendant Commerce. The uncontradicted facts herein bring this case within the rule that a misnomer never vitiates and the court may allow an amendment to correct misnomer of a party defendant (Ward v. Terry & Tench Constr. Co., 118 App. Div. 80 [1st Dept.], affd. 189 N. Y. 542; Civ. Prac. Act, § 105).
Plaintiff is suing the only corporation with which he had the contract in question, the very corporation that received the funds arising out of the contract and deposited them here in its own account in New York, and the only corporation in question that has, according to defendants themselves, an office at 19 Rector Street, New York, N. Y. Defendants were not misled. No new party, not previously served, is being added. The inadvertent misdescription of the State in which the defendant was incorporated is not a jurisdictional defect and did not make the Delaware corporation, whose officer was duly served here, any less a defendant, subject to the power of the Supreme Court to correct the misnomer to prevent a miscarriage of justice.
Accordingly, I dissent and vote to reverse the order denying the motion to amend the warrant (3210), and to reverse the second order appealed from vacating the order of July 22, 1949 (3211). I think, however, the court did not err in holding that the answer of defendants was timely served and I concur with the majority in affirming that order (3212).
On appeals Nos. 3210 and 3211 — Peck, P. J., Glennon, Callahan and Shientag, JJ., concur in decision; Dore, J., dissents in part and votes to reverse in opinion.
On appeal No. 3212 — Peek, P. J., Glennon, Dore, Callahan and Shientag, JJ., concur.
Orders affirmed, with $20 costs and disbursements to the respondents. No opinion. [See 277 App. Div. 769.]