## PARTRIDGE & Co. v. HARROW AND HARROW.

**Judgment:** CORRECTION OF: PRACTICE. Judgment in an action on a note was ordered, and the clerk directed to assess the amount due thereon, which, by mistake, he made a much smaller amount than was actually due, and judgment was entered accordingly. The

mistake was not discovered until after the period allowed by the statute to correct such errors on motion had expired, and until after · the case had been appealed to the Supreme Court, where it was affirmed on motion of the plaintiff, the defendant having failed to perfect his appeal, and judgment rendered for the same amount as the judgment in the District Court. *Held*, notwithstanding the affirmance of the judgment in the Supreme Court, that the plaintiff, being without fault or negligence and without any remedy at law, was entitled by an equitable proceeding in the District Court to have the error in the amount of the judgment corrected, the correction being in respect to a matter not passed upon by the Supreme Court.

*Appeal from Decatur District Court.*

Tuesday, April 13.

Action in Chancery. The petition alleges that, on the 22d day of March, 1866, plaintiff recovered of defendants a judgment in the District Court of Decatur county for the sum of $223.36, and costs, upon a promissory note, on which there was at that time due the sum of $370 ; that upon the trial of the cause to the court without a jury the court found for plaintiff the amount of the note and interest, less $153, and directed the clerk to assess the amount so found due, but that, by mistake, the clerk did assess the amount due at $223.36, instead of the true amount, $370, and the judgment was accordingly so entered up ; that defendant appealed said cause to the Supreme Court for delay, and the judgment of the District Court was affirmed upon motion of plaintiffs, thedefendants having failed to perfect their appeal ; the mistake being still undiscovered, the judgment in the Supreme Court was rendered for the same amount as the judgment in the District Court ; an execution was issued upon this judgment and the amount thereof collected and the judgment thereby fully paid and satisfied ; that the mistake in the amount of said judgment was

not discovered by plaintiff until more than one year after the rendition thereof.

The petition asks as relief that the said judgment of the District Court may be corrected so that it shall be for the full amount due upon said note.

To this petition defendants demurred on the ground that, inasmuch as the judgment of the District Court had been affirmed by the Supreme Court, it was merged in the judgment rendered in the Supreme Court, and therefore the District Court, in this proceeding, had no jurisdiction to correct or review the judgment of the Supreme Court. The demurrer was sustained and the petition dismissed. Plaintiffs appeal.

*C. C. Nourse*, for the appellant.

*N. B. Baker*, for the appellee.

BECK, J.—The error in the judgment, as shown by the petition, was not the result of fault or negligence of plaintiffs, but of a mistake of the clerk. From the effect of this mistake plaintiffs will lose a part of the sum justly due them from defendants unless they can have relief by this or some other proceeding under the law. Under section 3499 of the Revision, such relief could have been had, leaving out of view the effect of the affirmance of the judgment in this court, if proper application had been made within one year. Section 3500.

But that term had elapsed before the discovery of the mistake, and for that reason the relief could not have been sought under that provision. It is unnecessary therefore to inquire whether the fact that an appeal had been taken and the judgment affirmed, operated to deprive the plaintiffs of their remedy by motion in the District Court.

Being without a remedy at law, and the mistake the result of no fault of plaintiffs, equity will grant them relief. *Cohen* v. *Dubose*, 1 Harper Ch. 102 ; *Hiatt's Heirs* v. *Heirs of Calloway*, 7 B. Monroe, 179.

The fact that the judgment of the District Court had been affirmed in this court did not deprive that court of jurisdiction of this case. The judgment as entered in the District Court was appealed from and affirmed, but that affirmance does not operate to prevent the correction of the judgment by the District Court in respect to a matter that was not passed upon by this court. The petition shows that the affirmance of the judgment in the amount as rendered by the District Court was also a mistake, and it cannot be doubted that such mistake may likewise by proper proceeding be corrected.

The District Court erred in sustaining the demurrer and in dismissing the plaintiff's petition; its judgment is therefore reversed and the cause is remanded for further proceedings.

Reversed.