## McKANE v. ADAMS.

*(Supreme Court, Special Term, Kings County. May 25, 1888.)*

WRITS—AMENDMENT OF SUMMONS TO VOLUNTARY ASSOCIATION—HOW MADE.

In an action against a voluntary association, the summons and complaint which were served on its president, though defective in naming the association as defendant, instead of naming the president or treasurer, as provided by Code Civil Proc. § 1919, may be amended by inserting the name of the person served, "as president" of the association.

At chambers. On motion to amend.

Action by John G. McKane against the Democratic general committee of Kings county for restoration to membership. The summons and complaint were served upon John P. Adams, who appeared, and demurred for defect of parties defendant, whereupon the plaintiff moved to amend the summons so that the name of the defendant should read, "John P. Adams, as president of the Democratic general committee of Kings county," and to amend the complaint accordingly, and by inserting therein an allegation that the Democratic general committee of Kings county is an unincorporated political association, consisting of more than seven persons, and that John P. Adams is the president thereof.

*Abram H. Dailey*, for plaintiff. *James H. Troy*, for defendant.

BARTLETT, J. An examination of the complaint shows that the cause of action, if any, set up therein, is against those persons who comprise the Democratic general committee of Kings county. Assuming that body to be a voluntary association, within the meaning of section 1919 of the Code of Civil Procedure, it can properly be sued only by making all its members defendants, or by naming as defendant the president or treasurer. Neither course has been pursued by the plaintiff, and this motion presents the question whether his failure properly to name the defendant is a fatal defect, or whether he can correct it by amendment, instead of bringing a new suit. The Democratic general committee, as such, has not appeared in the action, but Mr. John P. Adams, who was served with the summons, has interposed a demurrer on the ground that there is a defect of parties defendant, because the committee cannot be sued as such in its own name or in its aggregate capacity, and on the further ground that the complaint does not state facts sufficient to constitute a cause of action. The motion is opposed by counsel for Mr. Adams, who relies upon two cases in the court of appeals as authorities against the power to grant it. The first of these cases is *Bassett* v. *Fish*, 75 N. Y. 303, wherein it was held that the complaint could not be amended by striking out the names of defendants, who were sued as school trustees, and inserting the name of a corporate board of education to which they belonged. There, however, no attempt had been made to bring the corporation, as such, into court. Here, on the contrary, the plaintiff has endeavored to bring into court the voluntary association against which he seeks to enforce some right. He has caused the proper officer of that association to be served with process, and has simply omitted to name that officer in the title of the action as president of the association. The other case to which the court has been referred is *Association* v. *Agricultural Works*, 89 N. Y. 22, which simply holds that section 723 of the Code does not authorize the court to strike

out the name of a sole defendant in an action, and insert in lieu thereof the names of other persons as defendants. But that is not what the plaintiff seeks to have done in this action. The purpose of section 1919 of the Code is to permit an unincorporated voluntary association to sue or be sued in the name of its president or treasurer. The association, and not the officer, is the real party in interest. So here, it is the Democratic general committee, and not Mr. Adams, that the plaintiff really desires to sue. But the effect of the statute is to prescribe, not that a voluntary association cannot be sued, but that it cannot be sued except in the name of certain officers, unless the plaintiff chooses to name all the associates individually as defendants. In allowing an amendment, therefore, which shall bring the name of Mr. Adams into the title of this action, the court does not strike out the name of the real defendant, but merely permits a formal correction of the designation which has been employed, so as to conform to the requirements of the statute. Inasmuch as the right person was actually served, I think the omission of his name from the title of the action should be regarded simply as a misnomer, and that the court has the power to grant the amendment asked. Since, however, it will compel the defendant to change the form of its demurrer, $10 costs should be allowed on this account, as well as $10 costs of motion. Motion granted on payment by plaintiff of $20 costs.