LOUIS MUNZINGER, Appellant, v. THE COURIER COMPANY, Respondent.

*Unincorporated association, how sued — amendment of a summons and complaint changing the name of the defendant from that of an unincorporated association to that of its president — appeal from an order denied on the ground of want of power.*

An unincorporated association may, under the provisions of the Code of Civil Procedure, be sued in the name of its president, or all its individual members may be sued if their names be known to the person desiring to commence an action.

Where one person or corporation is sued, another and different person upon whom process has not been served cannot be brought in as a sole defendant by way of substitution, but where there is merely a misnomer, or some defect in the designation of the defendant, and a substitution or change of the party is not desired, an amendment will be allowed changing the name of the defendant, as designated, to his correct name.

Where the plaintiff in an action endeavors to bring into court an unincorporated association, designating it in the summons by its name, and alleging in the complaint that it is a corporation, if the president of the association has been served with process, the plaintiff will, upon motion, be allowed to remedy the defect and have an order substituting the president of the association as the defendant in the action, and the complaint will be amended by striking out the allegation of the incorporation of the defendant and inserting in its place an allegation that the defendant is an unincorporated association.

Where a motion was denied by the Special Term solely upon the ground of want of power, the General Term may, in a proper case, reverse the order of the Special Term denying the same and grant the motion.

VAN BRUNT, P. J., dissenting.

APPEAL by the plaintiff, Louis Munzinger, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of September, 1894, denying the plaintiff's motion for leave to amend the summons and complaint.

*Benjamin Patterson,* for the appellant.

*Ansley Wilcox,* for the respondent.

O'BRIEN, J. :

The plaintiff brought an action for libel against the Courier Company, alleging, upon information and belief, that it was a domestic corporation and the proprietor and publisher of a newspaper called the Buffalo *Courier.* The amended answer, while admitting that the Courier Company was such proprietor and publisher, denied that it is or ever was a domestic corporation, and this answer is verified by George Bleistein, who deposes that he is president of the Courier Company. Upon service of this answer, plaintiff, upon an affidavit showing that he had inadvertently sued the defendant as a domestic corporation, when in fact it is an unincorporated association doing business under the name of the Courier Company, and that there is no corporation by the name of the Courier Company, moved for leave to amend the summons and complaint by making the title of the defendant " George Bleistein, as President of the Courier Company," and by changing the allegation that the defendant was a corporation to one that it was an unincorporated association.

There is no question made but that if the defendant is an unincorporated association, the Code of Civil Procedure provides that it may be sued in the name of its president, or all its individual members may be sued if known to the plaintiff. (Code Civ. Proc. § 1919.) The real question is as to whether the court had power to allow the amendment in the title. The judge, at Special Term, denied the motion for leave to amend upon the authority of the case of *N. Y. State Monitor Milk Pan Assn.* v. *Remington Agricultural Works* (89 N. Y. 22), wherein it was held that the Code (§ 723) does not authorize the striking out of the name of the sole defendant in an action and the insertion in lieu thereof of the names of other persons as defendants ; and the reasons given are, that the effect of striking out the

name of the defendant and inserting the names of three other persons as defendants in lieu thereof "is to continue the action against other and different parties than the one named, thus substituting a cause of action with new and other defendants." In the opinion the case of *Bassett* v. *Fish* (75 N. Y. 303) is cited, wherein it was held that the complaint could not be amended by striking out the names of the defendants, who were sued as school trustees, and inserting the name of the corporate board of education to which they belonged.

In both these cases it will be noticed that the persons sought to be brought in were different from those upon whom process had been served; and these decisions go to the extent of holding (and very properly) that where one person or corporation is sued, another and different person upon whom process has not been served cannot be brought in as a sole defendant by way of substitution. This is clearly pointed out in the dissenting opinion of the General Term in *N. Y. Milk Pan Co.* v. *Remington Works* (25 Hun, 479), which was the one receiving the approval of the Court of Appeals. Among the other cases therein collated and discussed reference is made to *Newton* v. *Milleville Manf. Co.* (17 Abb. Pr. 318, note); *Tighe* v. *Pope* (16 Hun, 180), and *Bank of Havana* v. *Magee* (20 N. Y. 355). As therein said : "*Newton* v. *Milleville Man. Co.* (17 Abb. Pr., note) is a Special Term case, briefly reported, where the plaintiff, in ignorance of the true name of defendants, and supposing them to be a corporation, which they were not, had sued them by the name in which they transacted their business. He was allowed, on motion, to substitute their names as defendants under section 175 of the old Code of Civil Procedure. If the plaintiff in the present case had made the Remington Agricultural Company defendant, supposing it to be a corporation, this case would have been like that cited. As it is, the analogy fails, because the plaintiff has not sued Philo Remington and his partners, but has sued an existing corporation which is entirely distinct from them. In the case cited there was no corporation, but the name inserted in the summons as that of the defendant was the partnership name of the very persons whose real names were afterwards substituted. No new person was brought in. The real defendants had been sued under their partnership name. * * * The case of *Tighe* v. *Pope* (16 Hun, 180) was

one where an action was brought against one describing her as administratrix, and asking judgment against her as such. The motion was to strike out the words 'as administratrix.' The court held that it should be granted, remarking that, ' whether the amendment were allowed or not, the same person will be defendant.' * * * The case of *Bank of Havana* v. *Magee* (20 N. Y. 355) was one where the plaintiff miscalled himself by the name ' Bank of Havana,' instead of using his true name ' Charles Cook.' An amendment giving his true name brought in no new party. There was no person, natural or artificial, called ' Bank of Havana,' but that name was one used by Cook, the real plaintiff, in his business. Like the case last cited, therefore, the amendment brought in no person who had not in fact been a party previously."

In addition to the above we have a Special Term decision of this court of *McKane* v. *Democratic General Committee of Kings County* (21 Abb. N. C. 89) where a voluntary unincorporated association was sued in its own name, but the summons was served on its president, and an amendment to the title of the action was allowed, changing the defendant's name to that of its president in order to comply with the Code of Civil Procedure, section 1919, allowing such an association to sue or be sued in the name of its president or treasurer. As therein said : " The plaintiff has endeavored to bring into court the voluntary association against which he seeks to enforce some right. He has caused the proper officer of that association to be served with process, and has simply omitted to name that officer in the title of the action as president of the association."

It is true that in the case last cited the plaintiff did not, as here, sue the defendant as a corporation ; but in that, as in the other cases cited, the distinction between a case where an amendment will, and where one will not be allowed, is pointed out, viz., that where there is merely a misnomer, or some defect in the designation, and not a substitution or change of the party, the amendment will be allowed,

The question, therefore, is whether there is here sought a change of the party defendant.

The plaintiff is suing the proprietor and publisher of the Buffalo *Courier*, which is called the Courier Company, and does business

under that name.  This the defendant admits, denying merely that it is a corporation.  The amendment desired is not to substitute an individual, but to change the name so as to conform to the statute. It is the Courier Company, publisher and proprietor of the Buffalo *Courier*, that will still be the defendant, but as it turns out that instead of being a corporation it is an unincorporated association, the title of the action must be changed.  The amendment named is precisely the same as if a person were sued as administrator of A, and it subsequently appearing that he was not such administrator, but was the administrator of B, an application should then be made to amend so as properly to designate the party defendant.  That the court has the power to allow such an amendment under section 723 of the Code of Civil Procedure, in furtherance of justice, has been many times held, and yet such an amendment is nothing more than the plaintiff here asks, that is, to bring in a party doing business under a name equally suited to either a corporation or an unincorporated association, and which he finds, upon the party appearing in court, has been incorrectly described or misnamed, but which he still wishes to retain in court after amending the process and pleadings, so as properly to designate the defendant.  In other words, there is no change of party, the same individual being still before the court, but having misnamed him, it is proposed to correct such misnomer, which, we think, the court in a proper case has the right to permit.

The error into which the plaintiff fell was a natural one, and his failure properly to describe the defendant is satisfactorily explained. There being no denial of the merits, and no *laches* having been shown on the part of the plaintiff in moving, it having been denied by the court below solely upon the ground of want of power, we think that the order should be reversed, with ten dollars costs and disbursements to appellant, and the motion for leave to amend granted upon payment by plaintiff of the costs of the action up to the date of the service by plaintiff of his notice of motion.

Follett, J., concurred ; Van Brunt, P. J., dissented.

Order reversed, with ten dollars costs and disbursements to appellant and motion for leave to amend granted on payment by plaintiff of costs of action up to date of service of plaintiff's notice of motion.