TILLEY et al. v. BEVERWYCK TOWING CO. et al.

(City Court of New York, General Term. December 13, 1900.)

PARTIES DEFENDANT—SUBSTITUTION—JURISDICTION AFTER JUDGMENT.

Where issues had been joined, trial had, and judgment entered against one defendant, the trial court had no jurisdiction, after the entry of the judgment, to order another party to be substituted in the place of the original defendant.

Appeal from special term.

Action by James P. Tilley and another against the Beverwyck Towing Company. A judgment in favor of plaintiff in the city court of New York (61 N. Y. Supp. 495) was affirmed by the appellate division (66 N. Y. Supp. 1146). From an order at special term directing that Samuel D. Coykendall be substituted as a party defendant in place of the Beverwyck Towing Company, and directing him to pay the plaintiffs' judgment, Samuel D. Coykendall appeals. Reversed.

Argued before SCHUCHMAN and O'DWYER, JJ.

Reed & Reed, for appellant Samuel D. Coykendall.
Amos Van Etten, for appellant Beverwyck Towing Co.
Hyland & Zabriskie, for respondents.

SCHUCHMAN, J.   On August 31, 1896, a summons, with notice,.
was served in this action, directed to the Beverwyck Towing Com-
pany, which was made defendant in the action.   Thereafter a com-
plaint was served, stating a cause of action as follows:   (1) The de-
fendant is a foreign corporation, created under the laws of the state
of West Virginia, and owns the steam towboat Syracuse;   (2) that
on May 25, 1896, plaintiffs' boat, the M. F. Hamm, was taken in
tow by defendant under an agreement, for a valuable consideration,
between the plaintiffs and the defendant, to tow said boat and cargo
of ice from Van Wie's Landing, on the Hudson river, to New York
City;   (3) said steam towboat was being operated by the agents,
servants, or employés of the defendant;   (4) that thereafter the boat
and cargo of ice were injured, to the damage of the plaintiffs $1,750.
The answer admitted that the defendant was a foreign corporation
and the owner of the towboat Syracuse.   It also admitted that the
defendant took in tow the plaintiffs' boat,—denying, however, any
negligence.   The issues thus raised were tried in this court, and re-
sulted in a judgment of $1,126.02 in favor of plaintiffs.

Only the cause of action alleged in the complaint can be proved at
the trial, and none other.   The question on this motion is whether,
when an action has been commenced against a defendant, issue
joined, trial had, and judgment entered, the court can substitute
another defendant in the place of the original one.   It is authorita-
tively settled that the court has no power to make the order ap-
pealed from.   A judgment in an action, where the court rendering it
has jurisdiction of the parties and the subject-matter, is final, until,
in some of the modes of review known to the law and practice, it
has been reversed.   Fisher v. Hepburn, 48 N. Y. 41;   New York
State Monitor Milk-Pan Ass'n v. Remington Agricultural Works,
89 N. Y. 22;   Van Cott v. Prentice, 104 N. Y. 45–57, 10 N. E. 257.
This court has no equitable jurisdiction.   Lawrence v. Lawrence
(Sup.) 66 N. Y. Supp. 393.   The case of Railroad Co. v. Schmidt,
177 U. S. 230, 20 Sup. Ct. 620, 44 L. Ed. 747 (decided April 9, 1900),
proceeded upon the equitable jurisdiction of the court, and was
based upon the practice of the law of the state of Kentucky, and not
upon the practice as established by the above authorities in the
state of New York.   Where there is merely a misnomer or some
defect in the designation, but not a substitution or change of the
party, the amendment will be allowed.   Munzinger v. Currier Co.,
82 Hun, 575, 31 N. Y. Supp. 737.

Order appealed from reversed, with costs and disbursements, and
motion denied, with $10 costs.

O'DWYER, J.   I agree with Judge SCHUCHMAN in holding that
the effect of the order appealed from is to substitute another party
as defendant, instead of a mere change of name, as claimed by the
respondents, and hence the court was without power to make the
order.