(69 App. Div. 92.)

### TILLEY et al. v. COYKENDALL.

(Supreme Court, Appellate Division, First Department.   February 7, 1902.)

JUDGMENT AGAINST CORPORATION—ENFORCEMENT AGAINST INDIVIDUAL.-
    Judgment against B., a corporation, for negligent management of its tug, S., cannot be enforced by equity suit against C., on allegations that, in the action against B., service was made on C. on the belief that he was president of B.; that C. demanded and obtained a copy of the complaint therein, and an answer was interposed admitting incorporation of B., and its ownership and possession of the tug, and, on trial of question of negligence, judgment was rendered against B.; that, prior to the act of negligence, C. purchased all the stock, bonds, and property of B., the stock and bonds to remain in possession of a third person till full payment, which was after the judgment against B.,—the stock, however, being delivered before the trial and such judgment; that, at the time of the negligence, C. was in possession of all the property of B., operating it for his own benefit under the name of B.; and that after said purchase the corporate organization of B. was not maintained; it not being alleged that C. holds any property of B. as trustee, or has acquired any property liable to satisfaction of claims against B.
    Laughlin and O'Brien, JJ., dissenting.

Appeal from special term, New York county.

Action by James Tilley and others against Samuel D. Coykendall. From a judgment sustaining a demurrer to the complaint (71 N. Y. Supp. 457), plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Nelson Zabriskie, for appellants.
Amos Van Etten, for respondent.

McLAUGHLIN, J. This action was brought to charge the defendant with the payment of certain judgments recovered by the plaintiffs against the Beverwyck Towing Company, a foreign corporation. The defendant demurred to the complaint on the grounds (1) that it did not state facts sufficient to constitute a cause of action; and (2) that there was a defect of parties defendant. The demurrer was sustained upon the first ground, and from the interlocutory judgment thereafter entered the plaintiffs have appealed.

The complaint, in substance, alleges that the plaintiffs in 1896 commenced an action in the supreme court of this state against the Beverwyck Towing Company, a corporation organized under the laws of the state of West Virginia, by the service of a summons upon the defendant in this action, whom they believed, when the service was made, was the president of such corporation, and that the defendant thereafter appeared and demanded a copy of the complaint, which was subsequently served, and in which it was alleged that the Beverwyck Towing Company, at a time stated, was the owner and in control of a tugboat known as the "Syracuse"; that it so carelessly and unskillfully managed the same, while having in tow a canalboat belonging to the plaintiffs, that it caused such canalboat to sink, whereby plaintiffs sustained damage to the amount of $1,750, for which judgment was demanded; that an answer was interposed, which admitted the incorporation of the defendant, and that it was the owner and in possession of the tugboat Syracuse at the time stated. The answer also admitted plaintiffs' ownership of the canalboat, and that it was taken in tow by the Syracuse and damaged, but denied that such damage was by reason of its negligence, or that it was liable for the same; that a trial was had in November, 1898, and a verdict rendered in favor of the plaintiffs, upon which judgment was entered, which, on appeal, was affirmed (61 N. Y. Supp. 495); that executions were issued, which were returned wholly unsatisfied. The complaint further alleges that in 1894 the defendant purchased all of the stock, bonds, and property of the Beverwyck Towing Company, for which he agreed to pay the sum of $65,750,—$5,750 at the time the agreement was signed, and the balance in annual payments of $12,000 each, until the whole sum had been paid,—and that the stock and bonds should remain in the possession of the Holland Trust Company until payment in full had been made, which was done in August, 1899; that all of the stock of the corporation was delivered to the defendant in 1897; that, at the time plaintiffs were damaged by the sinking of the canalboat, the defendant was in possession of all the property belonging to the towing company, including the tugboat Syracuse, and was operating the same for his own benefit under the name of the Beverwyck Towing Company; that after the defendant pur-

chased such bonds, stock, and property, the corporate organiza-
tion of the towing company was not maintained, and could not be,
since the defendant owned all of the stock of the corporation.  The
judgment demanded is that the defendant be required to pay the
judgments obtained against the towing company.

We are of the opinion that the case was correctly disposed of by
the learned justice sitting at special term.   The theory upon which
the plaintiffs seek to maintain the action is that inasmuch as the
defendant owned, or would have owned, all of the stock of the towing
company when he completed his agreement to purchase, he is in fact
the corporation, and that in equity he ought to pay the judgments
which the plaintiffs recovered.   We are unable to see upon what legal
principle the defendant can thus be made liable.   It may be assumed,
as, of course, it must be for the purpose of disposing of the demurrer,
that every fact alleged in the complaint, as well as such inferences as
can fairly be deduced from them, are true.   Greeff v. Assurance
Soc., 160 N. Y. 19, 54 N. E. 712, 46 L. R. A. 288, 73 Am. St. Rep. 659.
And yet, after indulging in that assumption, it is difficult to see how
the defendant can be bound by the judgments recovered against
the Beverwyck Towing Company, or be held personally liable to pay
the same.   That action was against the Beverwyck Towing Company
as a corporation, the organization and existence of which, as well
as the ownership of the tugboat Syracuse, were alleged in the com-
plaint and admitted in the answer in that action.   The judgment, of
course, conclusively established, as between the parties to the action,
such facts, and that the corporation was negligent in the management
of the canalboat belonging to the plaintiffs, for which reason it was
liable to them for the damages sustained; but it was not binding
upon, and did not establish such facts against, any one else.   The
fact that this defendant, under the agreement which he had made
with the towing company to purchase all of its stock, bonds, and
property, and when he had fully paid the purchase price was to be-
come its owner, did not make him personally liable for judgments
recovered against the corporation prior to the time such purchase
price had been paid; nor did it make him liable if he were the owner
of all the stock at the time, which he was not.   In that event he
would, at most, have been simply a trustee of the property of the cor-
poration, holding the same as such until all of the debts which it then
owed, as well as all legal claims which then existed against it, had
been fully paid and satisfied.   Nor does the fact that the corporation
had not, in compliance with the statute, kept up its organization after
its agreement with the defendant, affect the question in the slightest
degree.   Persons having in charge the property of a corporation are,
in law, trustees of it, until the same has been turned over to their
legal successors; and in this connection it will be borne in mind that
there is no allegation in the complaint that the defendant holds any
property of the towing company as a trustee, or that he has acquired
any property which is liable in any way to the satisfaction of legal
claims which the plaintiffs or any one else have against the corpora-
tion.   If it be true, as alleged in the complaint, that the defendant in
this action was, at the time the action was commenced, tried, and

judgment rendered against the corporation, the owner and in possession of the tugboat Syracuse, and was operating the same for his sole benefit, then he can, upon proper allegations, be made liable for the damages sustained by the plaintiffs by reason of his negligence; but, in order to render him liable, facts must be set out upon which that liability is predicated. In other words, appropriate allegations must be inserted in the complaint to the effect that the defendant is liable for the damages sustained by reason of his or his servants' negligent management of the tugboat. The defendant is entitled to litigate such questions. His property cannot be taken from him to satisfy a claim made by the plaintiffs until he has first had an opportunity to contest in the manner prescribed by law the facts upon which the plaintiffs predicate their right to the same. In reaching this conclusion the cases cited by the appellants have not escaped our attention, but none of them seem to authorize the maintenance of an action in equity of this character. The cases chiefly relied upon are Railroad Co. v. Schmidt, 177 U. S. 230, 20 Sup. Ct. 620, 44 L. Ed. 747, and Baltimore & O. Tel. Co. v. Interstate Tel. Co., 4 C. C. A. 184, 54 Fed. 51. But a critical examination of these authorities will show that neither of them is in point. The first one was an action to reach a specific fund pledged to the payment of interest upon certain bonds, which funds, when they passed into the hands of the defendant, were impressed with a lien. The second one was an action in the nature of a creditors' bill, wherein it was sought to follow into the hands of the railroad company moneys which in equity were applicable to the payment of debts of the telegraph company, and which funds the railroad company took with knowledge of that equity.

The judgment appealed from is right, and should be affirmed, with costs, with leave to the plaintiffs to amend their complaint upon payment of costs in this court and in the court below.

VAN BRUNT, P. J., concurs. PATTERSON, J., concurs in result.

LAUGHLIN, J. (dissenting). This is a suit in equity to charge the defendant personally with three judgments heretofore recovered by the plaintiffs against the Beverwyck Towing Company in an action in the city court of New York. The complaint in that action alleged that on the 25th day of May, 1896, the plaintiffs were the owners of the canalboat M. F. Hamm and her cargo, which were being towed in the Hudson river by the steamboat Syracuse under an agreement, and for a valuable consideration; that the defendant was a West Virginia corporation, and owned the Syracuse, which was navigated by the agents and servants of the defendant; that, through the negligence of the defendant's servants and agents in making up or navigating the tow, the plaintiffs' said canalboat and cargo became a total loss. The answer in that action, which was verified by the attorney, admitted that the defendant owned the steamboat Syracuse, and was engaged in towing the plaintiffs' canalboat; but it put in issue the value of the boat and cargo, and also

the allegations of negligence. The judgment was entered on the 2d day of December, 1898, upon the verdict of a jury, for the sum of $1,126.02. The defendant thereupon appealed to the general term of the city court, where the judgment was affirmed, with costs, on the 1st day of December, 1899. 61 N. Y. Supp. 495. A further appeal was taken to the appellate term of the supreme court, where the judgment was again affirmed, with costs, on the 8th day of March, 1900. 66 N. Y. Supp. 1146. These are the judgments with which the defendant is sought to be charged in this action.

The complaint herein sets forth these facts, and further alleges, in substance, that on the 7th day of March, 1894, the respondent purchased all of the stock, bonds, boats, office fixtures, furniture, etc., of the Beverwyck Towing Company, including the steamboat Syracuse, for the agreed price and consideration of $65,750; that at the time of said purchase the respondent executed and delivered to George M. Van Hoesen, who was acting for the grantors or vendors, two certain agreements in writing, which are annexed to and made part of the complaint, and marked Exhibits E and F; that thereupon said Van Hoesen gave the respondent an order upon the agent of the Beverwyck Towing Company to deliver to the defendant all of the vessels or floating property theretofore owned by the towing company, and its office furniture and fixtures, all of which were so delivered, and respondent took and retained possession thereof until after said 25th day of May, 1896; that among the boats so delivered was the steamboat Syracuse, which, with the other boats, was thereafter navigated and controlled by the defendant as the owner, he receiving and retaining to his individual use the earnings thereof, and bearing the operating and running expenses; that after the purchase of said boats and property the respondent conducted the towing business in the name of the Beverwyck Towing Company, but operated the boats by his own agents, servants, and employés, and for his sole individual benefit; that the law under which the towing company was incorporated provided that such a corporation should be managed and controlled by a board of directors, who should choose one of their number as president, and that they might appoint and prescribe duties of the officers and agents; that the by-laws provided that the board of directors should consist of five, all of whom were required to be stockholders of the company; that after the 7th day of August, 1894, the corporate organization of the towing company was not kept up by an election of directors or other officers; that the respondent was in fact the real, though not the nominal, defendant in the former action, and defended the same and prosecuted the several appeals therein in the name of the company, by an attorney of his own selection; that plaintiffs have been unable to collect said judgments; that executions duly issued thereon have been returned unsatisfied, and that the same are uncollectible, for the reason that the property of the towing company has all passed out of its hands and out of existence; that the company has transacted no business since the sale of its property to the respondent; that, although the towing company has not been formally dissolved, it

is without property, and without officers or stockholders, except re-
spondent, who is the sole stockholder, and, at most, it has only
a franchise to exist, and is not a corporation, in the ordinary ac-
ceptation of the term; that the summons in the former action was,
served upon the respondent, the plaintiffs then believing him to be
the president of the towing company; and that they did not learn
until the month of May, 1900, that he had purchased the stock,
bonds, and other property of the towing company, and was carrying
on the towing business individually in the name of the towing com-
pany. Exhibit E, annexed to the complaint, is an agreement be-
tween the Holland Trust Company and the respondent by which
the former agrees to pay all claims then existing against the towing
company, and the latter agrees to pay all claims that may arise there-
after. Exhibit F, annexed to the complaint, is also an agreement
between the Holland Trust Company and the respondent. It recites
the purchase by defendant of the whole issue of bonds of the tow-
ing company, and that the same were issued on the 17th day of
January, 1893, to said Van Hoesen, and were secured by a mortgage
on five steamboats therein named, including the Syracuse. There
were 132 of these bonds, of the face value of $1,000, on one of which
$500 had been credited. The purchase price recited in the agree-
ment was $65,750. The agreement provided for the terms of pay-
ment, and that the bonds should be held by the trust company as
security therefor; also that the bonds should be surrendered from
time to time as payments were made, in twice the amount of such
payments. The complaint also alleges the payment of the indebt-
edness in full, accompanied by the last delivery of stock to the re-
spondent in the month of August, 1899.

The grounds of the demurrer are (1) that the complaint does not
state facts sufficient to constitute a cause of action; and (2) that
there is a defect of parties defendant, in that the Beverwyck Towing
Company should have been joined. In passing upon the first ground
of demurrer, it is important to bear in mind that all facts alleged, and
that may be implied by reasonable and fair intendment, are to be
assumed in favor of the plaintiff. Coatsworth v. Railway Co., 156
N. Y. 451, 51 N. E. 301. Plaintiffs' theory of their action is that
respondent conducted the business in the name of the corporation,
as a trade-name; that the towing boat was owned by him, and navi-
gated by his agents and employés; that the negligence charged and
litigated in the action in the city court was in fact the negligence of
this respondent, and that the case was defended, not by the corpora-
tion, but by him; that the judgments, although recovered in form
against the Beverwyck Towing Company, were in fact judgments
against respondent; and plaintiffs invoked the aid of a court of equity
to enter a decree to that effect, to the end that proceedings may be
had, by the issue of execution or otherwise, to enforce payment of
the judgments against him. The object of the action being to have
it decreed that defendant is chargeable with these judgments, it was
not necessary for the plaintiffs to allege negligence on the part of the
respondent. It was only necessary to set out the facts showing the
nature of the former action, the recovery had, and the additional facts

which render respondent liable upon the judgments. It is not an action sounding in tort, but a suit in equity in effect to reform a judgment. The respondent contends that the appellants, having elected to sue the towing company, are now estopped from maintaining an action against him. We fail to see how any principle of estoppel applies. It is specifically alleged in the complaint that the action was brought and prosecuted on the supposition that the corporation was still in existence, and that it owned and operated the boats. There could be no election without knowledge of the facts upon which the right to an election depended. The complaint shows that plaintiffs were not, until after the recovery of the judgments, aware that the towing company was not the real party in interest. The plaintiffs are not seeking to charge the respondent as an undisclosed principal, but as the defendant whom they intended to name and describe in the former action. Their claim is that his liability is the same as if the Beverwyck Towing Company had never been a corporation; he had done business, and he had adopted it as a trade-name, and had been sued thereunder, and had defended the action. After August 7, 1894, the corporation remained in existence only in contemplation of law. It discontinued business and made no further use of its corporate name. The defendant succeeded to its business by purchase, and appropriated the corporate name as a trade-name for his individual business. He owned the boats individually and operated them, not for the corporation, but for himself. The members of the crew were not employés of the corporation, but were his servants, and for their negligence he was responsible. Manifestly, on the allegation of the complaint, the corporation, as such, had nothing to do with the business, or with the defense of the action. Nothing remained of the corporation except the naked franchise to exist. No one had any interest in defending the former action, except this respondent. Even though the corporation might have been responsible upon the theory of estoppel, it would have been an idle ceremony to have proceeded against it. The corporation, as such, had nothing to defend. The mere right to exist as a corporation, with no property or assets, and with all the stock outstanding in the hands of respondent, could be of no value except to him. When, therefore, he assumed to appear in the action for the corporation, he was in reality appearing for himself. He was the real defendant. It is apparent from the allegations of the complaint that he defended the action, not for the corporation, but for himself. The interests of the corporation would require the disclosure of the truth, viz., that the boats were owned and operated by the respondent and his employés. It is evident that plaintiffs intended to proceed against the owners and navigators of the boat. By the trade-name which respondent employed they were led to believe that the towing company was the owner, and by the answer and defense interposed they were lulled into security in that belief. The answer further misled plaintiffs by admitting the ownership of the boats in the corporation, and navigation by its employés. The respondent, being the owner of the boats, had notice that plaintiffs sought to hold him for the negligence of his servants. The action is brought, not for the substitution of one de-

fendant for another, as was the case in New York State Monitor
Milk Pan Ass'n v. Remington Agricultural Works, 89 N. Y. 22, but
really for the correction of a misnomer.    Munzinger v. Courier Co.,
82 Hun, 575, 31 N. Y. Supp. 737; Stuyvesant v. Weil, 167 N. Y. 421,
60 N. E. 738, 53 L. R. A. 562; Holman v. Goslin, 63 App. Div. 204,
71 N. Y. Supp. 197.    In the circumstances of this case, we are of
opinion that the corporation was not formally dissolved does not
prevent the application of the rule established by these cases.    An-
thony v. Glucose Co., 146 N. Y. 407, 41 N. E. 23.    We think that
respondent has had his day in court, and is concluded by the judg-
ments.    Freem. Judgm. (4th Ed.) §§ 174, 175; Ashton v. City of
Rochester, 133 N. Y. 187, 30 N. E. 965, 31 N. E. 334, 28 Am. St. Rep.
619; Railroad Co. v. Schmidt, 177 U. S. 230, 20 Sup. Ct. 620, 44
L. Ed. 747; Baltimore & O. Tel. Co. v. Interstate Tel. Co., 4 C. C. A.
184, 54 Fed. 50; Tootle v. Coleman, 46 C. C. A. 132, 107 Fed. 41.
Equity may reform a written instrument where there has been a
mutual mistake, or "where there has been a mistake of one party,
accompanied by fraud or other inequitable conduct of the remaining
parties."    Pom. Eq. Jur. (2d Ed.) § 1376.    The court has power to
correct mistakes in judgments, decrees, and other records where the
error is merely clerical or ministerial, and not judicial.    Id. § 871;
Code Civ. Proc. § 721, subd. 9, and sections 722, 723; Partridge v.
Harrow, 27 Iowa, 96, 99 Am. Dec. 643.

It has been suggested that plaintiffs have an adequate remedy by
motion to amend the judgment roll in the city court.    That is a
statutory court, without general equity jurisdiction; and, even if it
had the power,—as to which we express no opinion,—it is not ex-
clusive of the equity powers vested in the supreme court by the con-
stitution.    Under the peculiar circumstances of this case, we think
the remedy by action better adapted to the relief sought, and that
plaintiffs were not obliged, before bringing suit, to exhaust a possible
remedy by motion involving a discretion differing necessarily from
the discretion of a court of equity exercised upon common-law proof
of the facts that may be put in issue by the answer.    Cohen v. Du-
bose, 1 Harp. Eq. 102, 14 Am. Dec. 709; Partridge v. Harrow, supra.

It may be that plaintiffs will not be able to establish their complaint
as alleged, but we deem the complaint sufficient, and therefore the
first ground of the demurrer was not well taken.    It follows from
these views that the Beverwyck Towing Company is not interested
in this action, and the second ground of the demurrer is consequently
untenable.

The judgment should be reversed, with costs, and the demurrer
overruled, with costs, but with leave to the defendant to answer
upon payment of costs of the demurrer and of this appeal.

O'BRIEN, J., concurs.