## LICAUSI v. ASHWORTH.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. PARTIES—SUBSTITUTION.

Under Code Civ. Proc. § 723, authorizing the court, in its discretion, to allow amendments not prejudicial to the rights of the adverse party, by adding or striking out the name of a person or party, or correcting a mistake in such name, the court has no authority to permit a corporation to be substituted as party defendant in an action commenced against an individual who was president and owner of the corporation, on the supposition that the cause of action was against that individual, and not against the corporation.

Appeal from special term, Kings county.

Action by Salvatore Licausi against Edmund S. Ashworth. From an order substituting the Stanley Hod Elevator Company as defendant, said Ashworth appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Edwin A. Jones (Harford T. Marshall, on the brief), for appellant.
Nelson L. Keach, for respondent.

WILLARD BARTLETT, J. The summons in this action names
Edmund S. Ashworth as sole defendant. The complaint sets out a
cause of action for negligence against Edmund S. Ashworth indi-
vidually. The only reference to the Stanley Hod Elevator Company
in the complaint is contained in the second subdivision thereof, which
reads as follows:

"That the above-named defendant is in business in the borough of Manhat-
tan, city of New York, known as the Stanley Hod Elevator Company, and is
the owner of machines and engines, etc., and has in his employ a number of
men for the running and managing of said engines, and also engineers."

The answer was interposed, setting up a general denial. After its
service the plaintiff moved at special term to substitute the Stanley
Hod Elevator Company, a corporation organized under the laws of
the state of New York, as the defendant in place of Edmund S. Ash-
worth. This motion was granted, and an order of substitution was
made at special term, which order further provides that the summons
heretofore served on Edmund S. Ashworth shall stand as personal
service of the summons on the Stanley Hod Elevator Company. The
petition of the plaintiff's attorney, on which this order was granted,
states that, when the plaintiff came to said attorney and placed the
action in his hands, the attorney went to Dun's Agency, in the city of
New York, and made inquiries in regard to the Stanley Hod Elevator
Company, and "was there informed that Edmund S. Ashworth was the
sole owner of the said company, and ran it under that name." The
application for the substitution was made in consequence of informa-
tion subsequently obtained to the effect that the Stanley Hod Elevator
Company was a corporation, and that Edmund S. Ashworth was the
president and "owner of the corporation."

The order appealed from is sought to be sustained as a valid exer-
cise of power under section 723 of the Code of Civil Procedure. I
am of opinion, however, that this section does not authorize an amend-
ment which changes a party defendant by substituting a corporation
in place of an individual. In Bassett v. Fish, 75 N. Y. 303, 315, it was
suggested that the court of appeals might direct the complaint to be
amended by striking out the name of the individual defendants, who
were sued as trustees of "Gowanda Union Free School District, No.
1," and inserting the name of said corporation. "It seems to be
thought," said Folger, J., delivering the opinion of the court, "that this
would not be a change of parties, but only a change of name of the
present defendants. This is not well conceived. To insert the cor-
porate name would be to make the corporation the party, and to dis-
miss the defendants, as persons or officers, from the action. But we
have not jurisdiction of the person of the corporation. It has not
been brought into court. We may not make it a party to this action
by such an amendment." In the present case, although it appears that
Edmund S. Ashworth was the president of the Stanley Hod Elevator
Company at the time of the service of the summons upon him, it is
manifest that he was not served as such president, but that the sum-

mons and complaint were directed against him as an individual, and not intended to affect the corporation at all. That this was the result of a mistake on the part of the plaintiff's attorney may be conceded; but it does not appear to be a mistake for which the appellant is responsible, inasmuch as the very information which the plaintiff's attorney obtained from the mercantile agency to which he applied showed that the business in which his client had been employed was conducted in the name of the Stanley Hod Elevator Company, and this information was certainly suggestive of the possibility or probability that the employer was really a corporation, and not an individual. It seems to me that it sufficed to put the attorney upon inquiry as to this question, and that his client assumed the risk of the mistake which he made in suing Mr. Ashworth individually, when he ought to have sued the Stanley Hod Elevator Company.

But irrespective of any question of responsibility for the error, it seems quite clear, upon authority, that the power of amendment which the court possesses under section 723 of the Code of Civil Procedure does not extend far enough to sustain the order under review. In the case of New York State Monitor Milk Pan Ass'n v. Remington Agricultural Works, 89 N. Y. 22, 24, the order assumed to authorize the striking out of the name of the defendant, and the insertion of the names of three individuals as defendants in lieu thereof. Of this order the court of appeals said:

"Its effect is to continue the action against other and different parties than the one named, thus substituting a cause of action with new and other defendants. Such an amendment is not, we think, authorized by any provision of the Code or any of the adjudged cases. Section 723 of the Code of Civil Procedure does not cover any such case. While full authority is conferred for adding or striking out the name of a person or a party, or correcting a mistake in such name, it does not sanction an entire change of name of the defendant by the substitution of another or entirely different defendants."

The cases relied upon by the respondent to uphold the order are readily distinguishable from the case at bar. In Reilly v. Publishing Co., 14 N. Y. St. Rep. 390, the amendment struck out the name of the World Publishing Association, and substituted that of the Press Publishing Company. The summons and complaint had been served upon an officer of the Press Publishing Company, and set out a cause of action for libel against the corporation publishing the New York World. The Press Publishing Company was in fact the publisher of said newspaper. The case, therefore, was merely one of a misnomer of the corporation defendant; and the amendment did not substitute one defendant for another, but merely corrected an error in the name of the defendant served and sued. The case of Munzinger v. Courier Co., 82 Hun, 575, 31 N. Y. Supp. 737, is an authority against the respondent, rather than in his favor; for it clearly holds that, while an amendment may be allowed where there is merely a misnomer or some defect in the designation of the defendant, it cannot be permitted where there is a substitution or change of the party. In Evoy v. Society (Sup.) 21 N. Y. Supp. 641, the action was brought against the defendant as a foreign corporation; and the answer alleged that it was a voluntary association, and not a corporation. It was there held that inasmuch as the action was brought against the right body of persons,

under the wrong name, the plaintiff having been misled by their use of that name, it was proper to allow an amendment of the summons by substituting the names of the persons constituting the association as defendants. The court there said, "There is no doubt but that the plaintiff intended to sue the company doing business under the name of the Expressmen's Aid Society." But here the plaintiff did not intend to sue any company at all. He apparently believed that his employer was an individual, and has sued that individual. I do not see how it can well be held that the commencement of a suit against such individual was the commencement of a suit against a corporation, even though he was the president of that corporation and its principal stockholder.

The case is an unfortunate one for the plaintiff, as the statute of limitations appears to have run in favor of the Stanley Hod Elevator Company, but that fact has no bearing upon the question of power involved in this appeal. I think the order should be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.